# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City Food & Brewery Ltd. | Case No. 19-43756 |
| Debtor. | Chapter 11 Cases |

---

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City Restaurant Operations, Inc. | Case No. 19-43757 |
| Debtor. | Chapter 11 Cases |

---

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City of Indiana, Inc. | Case No. 19-43758 |
| Debtor. | Chapter 11 Cases |

---

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City of Maryland, Inc. | Case No. 19-43760 |
| Debtor. | Chapter 11 Cases |

---

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City of Kansas Ltd. | Case No. 19-43759 |
| Debtor. | Chapter 11 Cases |

---

## APPLICATION FOR AN ORDER AUTHORIZING
## EMPLOYMENT OF BRIGGS AND MORGAN, P.A.
## AS ATTORNEYS FOR DEBTORS

---

TO:    THE PARTIES-IN-INTEREST AS SPECIFIED IN LOCAL RULE 9013-3(A)(2).

The above-captioned debtors and debtors in possession (together the "Debtors") respectfully submit this application ("Application") for entry of an order (the "Order") substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to employ Brigg and Morgan, P.A. ("Briggs") as their counsel as of the Petition Date. This Application is filed under Local Rules 2014-1 and 9013-4.

In support of this Application, the Debtors submit the Unsworn Declaration of James M. Jorissen, a shareholder with Briggs (the "Jorissen Declaration"), which is attached hereto as **Exhibit B**. In further support of the Application, the Debtors state as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334, Federal Rule of Bankruptcy Procedure 5005, and Local Rule 1070-1. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are Sections 327(a), 328(a) and 330 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1.

## FACTUAL BACKGROUND

4.      On December 16, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The cases are now pending before this Court. The Debtors are currently operating their businesses and managing their properties as debtors-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in this Chapter 11 case.

5.     Contemporaneously with the filing of this Application, the Debtors caused to be filed their *Joint Motion for Order Granting Expedited Relief and Authorizing Joint Administration of Chapter 11 Cases Pursuant to Rule 1015(B)*, pursuant to which the Debtors seek, *inter alia*, joint administration of the above-captioned Chapter 11 cases.  Each of the Debtors joins in this Application.

6.     A detailed description of the Debtors' business, their capital structure, and the facts and circumstances supporting this Application and Debtors' Chapter 11 cases, appears in the *Declaration of Richard H. Lynch in Support of Chapter 11 Petitions and First Day Motions*, filed on December 16, 2019.

## RELIEF REQUESTED

7.     Pursuant to § 327(a) of the Bankruptcy Code, the Debtors seek entry of the accompanying Order authorizing the Debtors to employ Briggs to represent and assist the Debtors in carrying out their duties under the Bankruptcy Code during this case and to perform other legal services necessary to the Debtors' continuing operations, as more fully described below.

## BRIGGS' QUALIFICATIONS

8.     The Debtors selected Briggs as their counsel because of the firm's knowledge of the Debtors' operations and financial affairs and because of Briggs' extensive business law experience and knowledge, including its knowledge and experience in business restructuring and business reorganization under Chapter 11 of the Bankruptcy Code.

9.     Prior to the Petition Date, Briggs performed legal work for the Debtors and represented the Debtors in their preparations for the filing of these cases.  As part of its services, Briggs has conducted extensive analyses of the Debtors' leases, contracts, medical

plans, dental plans, other benefit plans, financing arrangements, and other material contracts and obligations.

10.     Briggs has represented the Debtors in an outside general counsel role since Granite City Food & Brewery's inception in 1997.  Services Briggs has provided required the assistance of Briggs attorneys covering a broad spectrum of legal disciplines, including corporate and securities law, litigation, employee benefits, employment law, intellectual property, financial services and general bankruptcy matters.  Briggs lawyers possess a high level of familiarity with the Debtors' history, operations, structure and related matters, and Briggs has the necessary background to deal effectively with the potential legal issues and problems that may arise in the context of these Chapter 11 cases.  The Debtors believe that Briggs is well qualified to represent their interests in connection with the matters set forth herein.

11.     Briggs has indicated a willingness to act on behalf of the Debtors and to render necessary professional services as attorneys for the Debtors.

### SCOPE OF SERVICES

12.     The Debtors request authorization to employ Briggs to represent the Debtors and their estates in all matters relating to the administration of the Debtors' Chapter 11 estates.  In addition to the plenary legal services historically provided as described above, Briggs has represented the Debtors prepetition on an ongoing basis in connection with the Debtors' analysis of restructuring options, procurement of financing, design and implementation of a sale process, and the consummation of a prepetition stalking horse asset purchase agreement.

13.     Legal services Briggs may render as counsel to the Debtors include, but are not limited to, the following:

- Analyzing the Debtors' financial condition and financial affairs;

- Providing advice regarding potential debt restructuring;

- Identifying and assisting the Debtors in implementing cash conservation measures;

- Negotiating and preparing documents for the Chapter 11 filings, including the petitions, exhibits, attachments, schedules, statements, lists, periodic reports, and other documents required by the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of the Court;

- Advising and consulting with the Debtors and their professionals on the conduct of these Chapter 11 cases, including attendant legal and administrative requirements;

- Attending meetings with the Debtors and their consultants;

- Taking actions necessary to protect and preserve the Debtors' estates, including prosecuting actions on Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which Debtors are involved, including objections to claims filed against the Debtors' estates;

- Representing the Debtors at the first meeting of creditors;

- Negotiating with creditors and other parties in interest;

- Making and responding to motions, applications and other requests for relief on behalf of the Debtors;

- Representing the Debtors in connection with obtaining authority to continue using cash collateral and to procure postpetition financing;

- Advising the Debtors in evaluating, devising and preparing a plan of reorganization and disclosure statement;

- Advising the Debtors in connection with any potential sale of assets;

- Appearing before the Court and any appellate courts or other courts having jurisdiction to represent the interests of the Debtors' estates;

- Advising Debtors regarding corporate, tax, employment, intellectual property and securities law matters; and

- Performing all other services that the Debtors request or are reasonably necessary to represent the Debtors' interests in these cases.

## PROFESSIONAL COMPENSATION

14.     Briggs has agreed to be compensated in accordance with the provisions set forth in Section 330 of the Bankruptcy Code and will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, this Court's Instructions for Filing a Chapter 11 case and orders of this Court.

15.     Prior to the commencement of the above-captioned cases, the Debtors paid Briggs retainers in the aggregate amount of $953,530.95, in installments, to prepay for all work performed in connection with these Chapter 11 cases prior to the Petition Date (the "Retainer").   During this prepetition period, in addition to general securities, corporate, employment, litigation and intellectual property work, Briggs provided comprehensive counsel to aid the Debtors' efforts to restructure, including: (a) fiduciary duties of directors and officers; (c) potential strategies to refinance, recapitalize or restructure existing indebtedness; (d) negotiations with the Debtors' secured lenders; (e) identifying and retaining financial, investment banking and lease consultants; (f) structuring and implementing a solicitation and sale process; (g) negotiating a senior, secured pre-petition bridge loan and post-petition loan agreement; (h) negotiating and responding to landlord claims and issues; (i) gathering information and data needed to initiate a Chapter 11 case; (j) preparation of the Debtors' bankruptcy petitions and initial filings.   Briggs applied $766,239.54 of the Retainer on account of prepetition work, leaving a Retainer balance of $187,291.41.   The Debtors have agreed that Briggs will hold the remaining balance of the Retainer in trust for application against its final allowed fees, the case filing fees, and the fees and expenses incurred the day prior to the Petition Date which may not have been fully paid prior to filing.

16.     Briggs intends to apply for compensation for professional services rendered on

6

an hourly basis and for reimbursement of expenses Briggs incurs in these cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the orders of this Court.  The hourly rates and rate structure that Briggs will use in these Chapter 11 cases are the same as the hourly rates and rate structure that Briggs uses in other complicated restructuring matters and in similarly complex corporate, securities and litigation matters.  The rates are based upon, among other things, the level and sophistication of each professional's experience, his or her area of specialization, the firm's expertise, performance and reputation, the size and complexity of the matter, and other factors.

17.     Briggs' current hourly rates for matters related to these chapter 11 cases range as follows:

| Billing Category | Hourly Range |
|------------------|--------------|
| Shareholders | $345.00-$605.00 |
| Associates/Counsel | $285.00-$330.00 |
| Paraprofessionals | $125.00-$200.00 |

Briggs' hourly rates are designed to compensate Briggs fairly for the work of its attorneys and paraprofessionals.  Hourly rates vary with experience and seniority.  The Debtors believe that Briggs' rates are fair and reasonable.

18.     Briggs' hourly rates are subject to periodic adjustments in the ordinary course of practice.  Such adjustments are generally made on an annual basis and are based upon changes in the legal market and increases in professionals' experience, sophistication and effectiveness.

19.     Briggs' policy is to charge clients in all areas of practice for identifiable, non-overhead expenses actually incurred in connection with the client's case that would not have been incurred except for the representation of that client.  Such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal

research, photocopying, airfare, meals and lodging.  Briggs intends to seek reimbursement for such expenses in connection with the fee application process.

20.     The Debtors propose that Briggs be authorized to file interim fee applications to be heard on 30-day intervals from and after the Petition Date.

21.     The Debtors are affiliated companies with common ownership and common secured lenders and have a unity of interest in these cases.  Except for potential claims under cross-guarantees, the Debtors do not believe they have claims against each other.  The Debtors believe their estates can and should be represented jointly by Briggs.  Retaining separate attorneys for each of the Debtors would be cost-prohibitive and would result in needless duplication of effort and expenditure of judicial and estate resources.  The Debtors therefore request that the Court authorize Briggs to represent all of the Debtors.

## BRIGGS' DISINTERESTEDNESS

22.     The Debtors have reviewed the accompanying Jorissen Declaration.  To the best of the Debtors' knowledge, and as set forth more fully in the Jorissen Declaration, (a) Briggs does not represent any other entity in connection with these cases; (b) Briggs is a "disinterested person" within the meaning of Section 101(14) of the Bankruptcy Code, as required by Section 327(a) of the Bankruptcy Code; (c) Briggs does not hold or represent an interest adverse to Debtors' estates; and (d) except as may be set forth in the Jorissen Declaration, Briggs does not have any connection with the Debtors, their creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

23.     Based on the information set forth in the Jorissen Declaration, the Debtors believe that Briggs is a "disinterested person" under Section 327 of the Bankruptcy Code.  The

Debtors have been informed that Briggs will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, Briggs will supplement its disclosure to the Court.[1]  The Debtors do not believe that the information disclosed in the Jorissen Declaration should preclude Briggs from representing the Debtors in these Chapter 11 cases.

24.     In the event the United States Trustee, the Court, or another party asserts or is concerned that Briggs is not disinterested, the Debtors request that a hearing be scheduled.

## NOTICE

25.     Notice of this Application has been provided in accordance with Local Rule 2014-1(a).

## NO PRIOR APPLICATION

26.     No prior request for any of the relief sought in this Application has been made to this or any other court.

---

[1] Briggs has entered into a merger agreement with Taft Stettinius & Hollister LLP with an effective date of January 1, 2019.  Assuming the merger becomes effective, if additional relationships are discovered that warrant disclosure, Briggs will promptly supplement its disclosures to the Court.

**Granite City Food & Brewery Ltd.**

Dated:  December 16, 2019

By: _____
Richard H. Lynch
Its: Chief Executive Officer

**Granite City Restaurant Operations, Inc.**

Dated:  December 16, 2019

By: _____
Richard H. Lynch
Its: Chief Executive Officer

**Granite City of Indiana, Inc.**

Dated:  December 16, 2019

By: _____
Richard H. Lynch
Its: Chief Executive Officer

**Granite City of Kansas Ltd.**

Dated:  December 16, 2019

By: _____
Richard H. Lynch
Its: Chief Executive Officer

**Granite City of Maryland, Inc.**

Dated:  December 16, 2019

By: _____
Richard H. Lynch
Its: Chief Executive Officer

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

---

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City Food & Brewery Ltd. | Case No. 19-43756 |
| Debtor. | Chapter 11 Cases |

---

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City Restaurant Operations, Inc. | Case No. 19-43757 |
| Debtor. | Chapter 11 Cases |

---

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City of Indiana, Inc. | Case No. 19-43758 |
| Debtor. | Chapter 11 Cases |

---

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City of Maryland, Inc. | Case No. 19-43760 |
| Debtor. | Chapter 11 Cases |

---

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City of Kansas Ltd. | Case No. 19-43759 |
| Debtor. | Chapter 11 Cases |

---

# ORDER

---

Upon application by the Debtors for an Order approving the retention of Briggs and

Morgan, P.A., 2200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, as counsel for

1

the Debtors in the above-captioned proceeding, the Court, having reviewed the Debtors'

Application and the Unsworn Declaration of James M. Jorissen filed therewith and the certificate

of review and recommendation for employment by the office of the United States Trustee, and

the files and records herein,

IT IS ORDERED:

1.    The employment of Briggs and Morgan, P.A. as Chapter 11 counsel to represent

the debtors-in-possession in carrying out their duties under Title 11 of the United States

Bankruptcy Code is approved.

2.    Fee applications by Briggs and Morgan, P.A. may be heard on thirty (30) day

intervals from the commencement of the case.

**BY THE COURT:**


Dated: _____          _____

US Bankruptcy Court Judge

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City Food & Brewery Ltd. | Case No. 19-43756 |
| Debtor. | Chapter 11 Cases |

---

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City Restaurant Operations, Inc. | Case No. 19-43757 |
| Debtor. | Chapter 11 Cases |

---

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City of Indiana, Inc. | Case No. 19-43758 |
| Debtor. | Chapter 11 Cases |

---

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City of Maryland, Inc. | Case No. 19-43760 |
| Debtor. | Chapter 11 Cases |

---

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City of Kansas Ltd. | Case No. 19-43759 |
| Debtor. | Chapter 11 Cases |

---

**UNSWORN DECLARATION OF JAMES M. JORISSEN**

---

1

James M. Jorissen makes the following declaration ("Declaration") in support of the Application ("Application") of the above-captioned debtors (the "Debtors") to employ Briggs and Morgan, P.A. as legal counsel effective as of December 16, 2019 (the "Petition Date").

1.      I am an attorney and a shareholder with Briggs and Morgan, P.A. ("Briggs"), 2200 IDS Center, 80 South Eighth Street, Minneapolis, Minnesota 55402.  I am a member in good standing of the Bar of the State of Minnesota, and I am admitted to practice law in the United States District Court for the District of Minnesota.  Except as otherwise indicated, the facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

2.      I submit this Declaration in support of the Debtors' *Application for Orders Authorizing Employment of Briggs and Morgan, P.A. as Counsel for Debtors* ("Application") pursuant to 11 U.S.C. §§ 327 and 328 and Rule 2014 of the Federal Rules of Bankruptcy Procedure.  I have read the Application and hereby incorporate its factual statements.

3.      Briggs is familiar with the Debtors' affairs and many of the potential legal issues that may arise in these Chapter 11 cases and has experience in all aspects of proceedings under Chapter 11.  Briggs has represented debtors, creditors, trustees, committees, and other parties in interest in numerous Chapter 11 proceedings.  Briggs is qualified to represent the Debtors in these proceedings.

## SERVICES TO BE PROVIDED

4.      The Debtors wish to retain Briggs to serve as their counsel during these Chapter 11 cases.  The legal services to be rendered by Briggs to the Debtors include, but may not be limited to, the following:

- •      Analyzing the Debtors' financial condition and financial affairs;

- •      Providing advice regarding potential debt restructuring;

2

- Identifying and assisting the Debtors in implementing cash conservation measures;

- Negotiating and preparing documents for the Chapter 11 filings, including the petitions, exhibits, attachments, schedules, statements, lists, periodic reports, and other documents required by the Bankruptcy Code, the Bankruptcy Rules and the Local Rules of the Court;

- Advising and consulting with the Debtors and their professionals on the conduct of these Chapter 11 cases, including attendant legal and administrative requirements;

- Attending meetings with the Debtors and their consultants;

- Taking actions necessary to protect and preserve the Debtors' estates, including prosecuting actions on Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which Debtors are involved, including objections to claims filed against the Debtors' estates;

- Representing the Debtors at the first meeting of creditors;

- Negotiating with creditors and other parties in interest;

- Making and responding to motions, applications and other requests for relief on behalf of the Debtors;

- Representing the Debtors in connection with obtaining authority to continue using cash collateral and to procure postpetition financing;

- Advising the Debtors in evaluating, devising and preparing a plan of reorganization and disclosure statement;

- Advising the Debtors in connection with any potential sale of assets;

- Appearing before the Court and any appellate courts or other courts having jurisdiction to represent the interests of the Debtors' estates;

- Advising Debtors regarding tax, employment and securities law matters; and

- Performing all other services that the Debtors request or are reasonably necessary to represent the Debtors' interests in these cases.

## BRIGGS' DISINTERESTEDNESS

5.      In connection with its proposed retention by the Debtors and in preparing this Declaration, Briggs undertook to determine whether it had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors.   Specifically, Briggs researched its client database to determine whether it has any relationship with the Debtors, their officers and directors, and all of their creditors (the "Parties-in-Interest").  Briggs obtained the names of the Parties-In-Interest from the Debtors.

6.      Briggs' client database is designed to include every matter on which the firm is now or has been engaged, the person or entity for which the firm is now or has been engaged, and in each instance, the identify of related parties and adverse parties, as well as the attorneys in the firm responsible for the client relationship as well as the matter at issue.  It is Briggs' policy that no new matter may be accepted or opened within the firm without comparing the database against the prospective client and parties-in-interest.  The client database is updated to include such information for each new client matter that comes into the Briggs law firm.

7.      Briggs has completed a conflict check with the list of Parties-In-Interest.  Other creditors or potential Parties-In-Interest may hereafter be identified.  Should that occur during the pendency of these Chapter 11 cases, Briggs will promptly supplement the information set forth in this Declaration.[1]

8.      Based on the results of the conflict check, and to the best of my knowledge, neither I nor Briggs have represented or had any connection with the Debtors, their creditors, or any other person employed within the Office of the United States Trustee within the meaning Bankruptcy Rule 2014, except as stated below.

---

[1] In that regard, Briggs has entered into a merger agreement with Taft Stettinius & Hollister LLP with an effective date of January 1, 2019.  Assuming the merger becomes effective, if additional relationships are discovered that warrant disclosure, Briggs will promptly supplement its disclosures to the Court.

4

## PRIOR REPRESENTATION OF THE DEBTORS

9.      Prior to the Petition Date, Briggs performed legal work for the Debtors and represented the Debtors in their preparation for the filing of this case.  As part of its services, Briggs has conducted an extensive analysis of the Debtors' leases, contracts, financing arrangements, medical plans, dental plans, other benefit plans, and other material contracts and obligations.   Briggs has assisted the Debtors and their financial advisors in the preparation of the schedules and statement of financial affairs to be filed by the Debtors and represented the Debtors in connection with the preparation and filing of their respective bankruptcy petitions and related documents.

10.      Briggs has represented the Debtors in an outside general counsel capacity since Granite City's inception in 1997.  Legal services provided required expertise and assistance of Briggs attorneys practicing across a wide array of legal disciplines, including corporate and securities law, litigation, employee benefits, employment law, intellectual property, financial services and general bankruptcy matters.  As a result of the longstanding relationship, Briggs lawyers possess significant knowledge and information regarding the Debtors' history, operations, structure and related matters, and Briggs has the necessary background to deal effectively with the potential legal issues and problems that may arise in the context of these Chapter 11 cases.

## BRIGGS' CONNECTION WITH OTHER PARTIES

11.      Briggs represents the following Waste Management entities on various matters unrelated to the Debtors: (a) Waste Management of Minnesota, Inc.; (b) Waste Management of Wisconsin, Inc.; (c) Waste Management, Inc. – Midwest; (d) Waste Management of North America, Inc.; (e) Waste Management of South Dakota, Inc.; and (f) Waste Management, Inc.

(together "Waste Management").  Waste Management provides waste disposal services to the Debtors' restaurants.  Upon information and belief, the Debtors are current in their payments to Waste Management, and do not anticipate any material dispute with Waste Management. Should such a dispute arise, the Debtors will seek Court authorization to engage conflict counsel.

12.     Briggs represents Xcel Energy Corporation ("Xcel"), a supplier of utility services to the Debtors, on various matters unrelated to the Debtors.  Briggs proposes to continue providing services to Xcel on matters unrelated to the Debtors during these Chapter 11 cases. Upon information and belief, the Debtors are current in their utility payments to Xcel and do not anticipate any material dispute with Xcel.  Should such a dispute arise, the Debtors will seek Court authorization to engage conflict counsel.

13.     Briggs represents Northern Natural Gas on various matters unrelated to the Debtors.  Mid-American Energy Company ("Mid-American"), a subsidiary of Northern Natural Gas, provides utility services to the Debtors.  Briggs proposes to continue providing services to Northern Natural Gas on matters unrelated to the Debtors during these Chapter 11 cases.  Upon information and belief, the Debtors are current in their utility payments to Mid-American and do not anticipate any material dispute with Mid-American.  Should such a dispute arise, the Debtors will seek Court authorization to engage conflict counsel.

14.     Briggs represents Minnesota Energy Resources ("MER") in various matters unrelated to the Debtors.  MER provides utility services to the Debtors.  Briggs proposes to continue providing services to MER on matters unrelated to the Debtors during these Chapter 11 cases.  Upon information and belief, the Debtors are current in their utility payments to MER and do not anticipate any material dispute with MER.  Should such a dispute arise, the Debtors will seek Court authorization to engage conflict counsel.

15.     Briggs represents certain affiliates of Pepsi Cola, Inc. ("PepsiCo") in various matters unrelated to the Debtors.  PepsiCo supplies beverages to the Debtors.  Briggs proposes to continue providing services to PepsiCo on matters unrelated to the Debtors during these Chapter 11 cases.  Upon information and belief, the Debtors are current in their payments to PepsiCo. The Debtors intend to continue their relationship with PepsiCo post-petition and do not anticipate any material dispute with PepsiCo.  Should such a dispute arise, the Debtors will seek Court authorization to engage conflict counsel.

16.     Briggs represents Verizon Wireless ("Verizon") in various maters unrelated to the Debtors.  Verizon provides wireless communication services to the Debtors.  Briggs proposes to continue providing services to Verizon on matters unrelated to the Debtors during these Chapter 11 cases.  Upon information and belief, the Debtors are current in their payments to Verizon. The Debtors intend to continue their relationship with Verizon post-petition and do not anticipate any material dispute with Verizon.  Should such a dispute arise, the Debtors will seek Court authorization to engage conflict counsel.

17.     Briggs represents Frontier, Inc. ("Frontier") in various matters unrelated to the Debtors.   Frontier provides communications services to the Debtors.   Briggs proposes to continue providing services to Frontier on matters unrelated to the Debtors during these Chapter 11 cases.  Upon information and belief, the Debtors are current in their payments to Frontier. The Debtors intend to continue their relationship with Frontier post-petition and do not anticipate any material dispute with Frontier.  Should such a dispute arise, the Debtors will seek Court authorization to engage conflict counsel.

18.     Briggs represents the City of Maple Grove ("Maple Grove"), Minnesota as bond counsel in connection with the sale of bonds to fund construction of road improvements in 2020.

7

Maple Grove supplies municipal water and sewer to one of the Debtors' restaurants.   Upon

information and belief, the Debtors are current in their payments to Maple Grove.   The Debtors

intend to continue their relationship with Maple Grove post-petition and do not anticipate any

material dispute with Maple Grove.   Should such a dispute arise, the Debtors will seek Court

authorization to engage conflict counsel.

19.     Briggs represents CCH Incorporated ("CCH") in various maters unrelated to the

Debtors.   CCH licenses proprietary software to the Debtors.   The Debtors anticipate that they

will assume the CCH licenses and do not anticipate any material dispute with CCH.   Should such

a dispute arise, the Debtors will seek Court authorization to engage conflict counsel.

20.     Briggs represents NRAI, Inc. ("NRAI") in various matters unrelated to the

Debtors.   NRAI licenses proprietary software to the Debtors.   The Debtors anticipate that they

will assume the NRAI licenses and do not anticipate any material dispute with NRAI.   Should

such a dispute arise, the Debtors will seek Court authorization to engage conflict counsel.

21.     Briggs represents U.S. Bancorp ("USB") in various matters unrelated to the

Debtors.   The Debtors currently maintain a banking relationship with USB (described below).

The Debtors do not anticipate any material dispute with USB.   Should such a dispute arise, the

Debtors will seek Court authorization to engage conflict counsel.

22.     The Debtors maintain banking relationships with U.S. Bank National Association

and Fifth-Third Bank (together the "Banks"), both clients of Briggs on unrelated matters.   Briggs

is informed and believes that the Banks are not creditors in these cases and, accordingly, the

Banks are not expected to have a significant role in these bankruptcy cases.   The Debtors have

filed a motion to maintain their existing relationships with the Banks.   Other counsel will

represent the Debtors in the event of a dispute with either of the Banks.

23.     In addition to the foregoing client connections, Briggs has connections with the following individuals or entities which may constitute "connections" within the meaning of Bankruptcy Rule 2014:

(a)     Briggs is frequently involved in bankruptcy cases and in some instances represents clients whose interests may be adverse to the Office of the United States Trustee ("UST").

(b)     Along with other lawyers at Briggs, I currently represent Randall L. Seaver, a Chapter 7 panel trustee appointed by the UST, in matters unrelated to these cases.

(c)     Karl Johnson, a Briggs associate, formerly served as staff counsel to the standing Chapter 13 trustee appointed by the UST in matters entirely unrelated to these cases.

(d)     Duff & Phelps Securities, LLC ("Duff & Phelps") is the proposed financial advisor to the Debtors.  Briggs has worked with Duff & Phelps and has been adverse to Duff & Phelps in connection with other bankruptcy cases.

(e)     Hilco Real Estate, LLC ("Hilco") is the proposed leasing consultant to the Debtors.  Briggs worked in consultation with Hilco in connection with prepetition efforts to restructure the Debtors' real property lease obligations.

25.     Based upon my review of the disclosures as set forth above, I believe that Briggs qualifies as a "disinterested person" for purpose of Section 101(14) of the Bankruptcy Code.  In that regard, Briggs, its shareholders, counsel and associates:

(a)     are not creditors or insiders of the Debtors;

(b)     are not, and were not, within two (2) years before the filing of the Debtors'

9

Chapter 11 petitions, directors, officers or employees of the Debtors; and

       (c)     do not have an interest material adverse to the interests of the estate or of any class of creditors, by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason.

26.     Based upon the same disclosures and analyses, I believe that Briggs does not hold or represent an interest adverse to the Debtors' estates.

27.     There may be other persons within the scope of Bankruptcy Rule 2014 that, unknown to me, Briggs has represented in particular matters in the past. Briggs agrees not to represent such persons or parties in interest in this case while representing the Debtors, without further disclosure. Briggs will supplement its disclosures to the extent additional connections as contemplated under Bankruptcy Rule 2014 may be discovered.

28.     I do not know the identity of any attorneys or accountants who will appear in this case as counsel for creditors or any other party in interest. When their appearances are made, the firm will check their names against the firm's conflicts database, and supplemental disclosures will be made to the extent connections as contemplated under Rule 2014 may be discovered.

## PROFESSIONAL COMPENSATION

29.     Prior to the commencement of the above-captioned cases, the Debtors paid Briggs retainers in the aggregate amount of $953,530.95, in installments, to prepay for all work the firm performed as general counsel, including all corporate, securities, employment, litigation, and intellectual property work, as well as work performed in connection with these Chapter 11 cases (the "Retainer"). Briggs applied $766,239.54 of the Retainer on account of prepetition work, leaving a Retainer balance of $187,291.41. The Debtors have agreed that Briggs will hold the remaining balance of the Retainer in trust for application against its final allowed fees, the case

filing fees, and the fees and expenses incurred the day prior to the Petition Date which may not have been fully paid prior to filing.

30.    Briggs intends to apply for compensation for professional services rendered on an hourly basis and for reimbursement of expenses Briggs incurs in these cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the orders of this Court.  The hourly rates and rate structure that Briggs will use in these Chapter 11 cases are the same as the hourly rates and rate structure that Briggs uses in other complicated restructuring matters and in similarly complex corporate, securities and litigation matters.  The rates are based upon, among other things, the level and sophistication of each professional's experience, his or her area of specialization, the firm's expertise, performance and reputation, the size and complexity of the matter, and other factors.

31.    Briggs' current hourly rates for matters related to these chapter 11 cases range as follows:

| Billing Category | Hourly Range |
|---|---|
| Shareholders | $345.00-$605.00 |
| Associates/Counsel | $285.00-$330.00 |
| Paraprofessionals | $125.00-$200.00 |

Briggs' hourly rates are designed to compensate Briggs fairly for the work of its attorneys and paraprofessionals.  Hourly rates vary with experience and seniority.  The Debtors believe that Briggs' rates are fair and reasonable.

32.    Briggs' hourly rates are subject to periodic adjustments in the ordinary course of practice.  Such adjustments are generally made on an annual basis and are based upon changes in the legal market and increases in professionals' experience, sophistication and effectiveness.

11

33.     Briggs' policy is to charge clients in all areas of practice for identifiable, non-overhead expenses actually incurred in connection with the client's case that would not have been incurred except for the representation of that client.   Such expenses include postage, overnight mail, courier delivery, transportation, overtime expenses, computer-assisted legal research, photocopying, airfare, meals and lodging.   Briggs intends to seek reimbursement for such expenses in connection with the fee application process.

34.     No promises have been received by Briggs or any partner, counsel, or associate thereof as to compensation in connection with this Chapter 11 case other than in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and orders of this Court.

35.     In accordance with Section 504 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 2016(b), no agreement or understanding exists between me, my firm, or any partner or employee thereof, on the one hand, and any other person, on the other hand, for the division of such compensation as my firm may receive from the Court herein, nor will any division of fees be prohibited by Section 504 of the Bankruptcy Code.

## STATEMENT REGARDING U.S. TRUSTEE GUIDELINES

36.     Briggs intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors Chapter 11 cases in compliance with Sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court. Briggs also intends to make a reasonable effort to comply with the U.S. Trustee's request for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in*

*Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines"), both in connection with this application and the interim and final fee applications to be filed by Briggs in these Chapter 11 cases. Briggs requests authorization to file fee applications on 30-day intervals during the pendency of these Chapter 11 cases.

### ATTORNEY STATEMENT PURSUANT TO REVISED UST GUIDELINES

37. The following is provided in response to the request for additional information set forth in Paragraph D.1. of the Revised UST Guidelines:

(a) Briggs and the Debtors have not agreed to any variations from, or alternatives to, Briggs' standard billing arrangements for this engagement.

(b) Briggs' professionals for this engagement have not varied their rate based on the geographic region of this bankruptcy case.

(c) During the 12 month period preceding the Petition Date, Briggs' rates for timekeepers for its prepetition engagement on this matter were $345.00 to $605.00 for shareholders, $285.00 to $330.00 for associates and counsel, and $125.00 to $200.00 for paralegals. Briggs' rates have not changed postpetition.

(d) Briggs has or will deliver a prospective budget and staffing plan for the first thirteen weeks following the Petition Date to the Debtors and will continue to work with the Debtors on the budget and staffing plan.

38. Pursuant to Local Rule 9011-1(f), I expressly authorize the use of my electronic signature on this document.

/e/ James M. Jorissen

Dated: December 16, 2019                    Signed: _____

13

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City Food & Brewery Ltd. | Case No. 19-43756 |
| Debtor. | Chapter 11 Cases |

---

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City Restaurant Operations, Inc. | Case No. 19-43757 |
| Debtor. | Chapter 11 Cases |

---

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City of Indiana, Inc. | Case No. 19-43758 |
| Debtor. | Chapter 11 Cases |

---

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City of Maryland, Inc. | Case No. 19-43760 |
| Debtor. | Chapter 11 Cases |

---

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City of Kansas Ltd. | Case No. 19-43759 |
| Debtor. | Chapter 11 Cases |

---

**ORDER**

---

Upon application by the Debtors for an Order approving the retention of Briggs and

Morgan, P.A., 2200 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402, as counsel for

1

the Debtors in the above-captioned proceeding, the Court, having reviewed the Debtors'

Application and the Unsworn Declaration of James M. Jorissen filed therewith and the certificate

of review and recommendation for employment by the office of the United States Trustee, and

the files and records herein,

IT IS ORDERED:

1.      The employment of Briggs and Morgan, P.A. as Chapter 11 counsel to represent

the debtors-in-possession in carrying out their duties under Title 11 of the United States

Bankruptcy Code is approved.

2.      Fee applications by Briggs and Morgan, P.A. may be heard on thirty (30) day

intervals from the commencement of the case.

**BY THE COURT:**


Dated: _____          _____
                                                      US Bankruptcy Court Judge

2