# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

___

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City Food & Brewery Ltd. | Case No. 19-43756 |
| Debtor. | Chapter 11 Cases |

___

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City Restaurant Operations, Inc. | Case No. 19-43757 |
| Debtor. | Chapter 11 Cases |

___

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City of Indiana, Inc. | Case No. 19-43758 |
| Debtor. | Chapter 11 Cases |

___

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City of Kansas Ltd. | Case No. 19-43759 |
| Debtor. | Chapter 11 Cases |

___

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City of Maryland, Inc. | Case No. 19-43760 |
| Debtor. | Chapter 11 Cases |

___

**OBJECTION TO MOTION FOR INTERIM AND FINAL ORDERS (I) GRANTING EXPEDITED RELIEF, (II) APPROVING POSTPETITION FINANCING, (III) GRANTING LIENS AND PROVIDING SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (IV) AUTHORIZING USE OF CASH COLLATERAL, (V) GRANTING ADEQUATE PROTECTION, (VI) MODIFYING AUTOMATIC STAY, AND (VII) GRANTING RELATED RELIEF**

COMES NOW the United States Trustee through the undersigned attorney and objects to the motion for entry of an interim order for: (i) expedited relief; (ii) approving post-petition financing; (iii) granting liens and providing super priority administrative expense status; and (iv) authorizing use of cash collateral; and (v) granting adequate protection; (vi) modifying automatic stay; and (vii) granting related relief.

In support of the objection, the United States Trustee states the following:

1. Hearings on these matters have been scheduled in this matter on December 19, 2019 at 2:00 p.m. before the U.S. Bankruptcy Court, Courtroom 2B, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota.

2. These chapter 11 cases were filed on the afternoon of December 16, 2019 and these motions, part of a group consisting of 11 separate motions, were filed with slightly more than 48 hours' notice of the scheduled hearing.

3. In the petitions filed with the Court, the debtors provided the names and addresses of the 20 largest creditors, but did not provide contact names, email addresses, or phone numbers for unsecured creditors.

**DIP Financing and Cash Collateral**

4. The debtors are seeking an aggregate of $5,000,000 of loans. Of that total, $1,500,000 is earmarked to roll up the prepetition secured debt into post-petition secured debt and, based on the budget at pages 86/197, approximately $2,144,252 of the loan is earmarked to pay chapter 11 administrative costs and fees of professionals. The DIP lender has requested a lien in chapter 5 causes of action, super-priority status over other claims, and a waiver of the Section 506(c) rights of the estate.

5.  In the Declaration of Richard H. Lynch (DE #4, BK 19-43756), the debtors state that they have the following prepetition secured debt:

- Citizens Bank N.A. – approximately $40,000
- Great Western – approximately $1,000,000
- JMB Capital Partners Lending, LLC-approximately $1,500,000

6.  Mr. Lynch's Declaration also states that the debtors took steps to market and find a buyer for the businesses over several months prior to the filing of the petition. The declaration identifies a stalking horse bid of $7,500,000 to purchase substantially all of the debtors' restaurant properties, which is significantly less than the secured debts in the case. (*Id.*, at ¶ 40)

For the reasons set forth in the attached memorandum of law, the United States Trustee requests that the Court deny the motions and grant such other relief as appropriate.

Dated:  March 12, 2019

JAMES L. SNYDER
Acting United States Trustee
Region 12

/e/ Colin Kreuziger
Colin Kreuziger, MN Atty. No. 0386834
Sarah J.  Wencil, Iowa Atty. No. 14014
Trial Attorneys
United States Department of Justice
Office of U.S. Trustee
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
TELE: (612) 334-1350

## VERIFICATION

       I, Colin Kreuziger, trial attorney for the United States Trustee, the movant named in the foregoing motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on:  December 19, 2019　　　　　　　　　　　　　　　　Signed:/e/ Colin Kreuziger
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Colin Kreuziger
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Trial Attorney

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City Food & Brewery Ltd. | Case No. 19-43756 |
| Debtor. | Chapter 11 Cases |

---

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City Restaurant Operations, Inc. | Case No. 19-43757 |
| Debtor. | Chapter 11 Cases |

---

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City of Indiana, Inc. | Case No. 19-43758 |
| Debtor. | Chapter 11 Cases |

---

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City of Kansas Ltd. | Case No. 19-43759 |
| Debtor. | Chapter 11 Cases |

---

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City of Maryland, Inc. | Case No. 19-43760 |
| Debtor. | Chapter 11 Cases |

---

**MEMORANDUM OF LAW**

---

The United States Trustee submits this memorandum of law in support of his objection to the debtor's motion for entry of an interim order for: (i) expedited relief; (ii) approving post-

petition financing; (iii) granting liens and providing super priority administrative expense status; and (iv) authorizing use of cash collateral; and (v) granting adequate protection; (vi) modifying automatic stay; and (vii) granting related relief. The facts are as stated in the attached objection.

### I.     The proposed DIP financing contains objectionable terms.

The Bankruptcy Code permits a trustee[1] authorized to operate the business of the debtor[2] to obtain credit with priority over administrative expenses, secured by a lien on property of the estate that is not subject to a lien, and secured by a junior lien on property of the estate that is subject to a lien. 11 U.S.C. § 364(c). Here, the proposed DIP lender and the debtor seek additional protections that are not authorized by the Bankruptcy Code.

#### A.     The waiver of §§ 506(c) and 552 claims is not warranted.

The proposed order provides for the waiver of any "equities of the case" claims under 11 U.S.C. § 552(b)(1) and a waiver of § 506(c) claims. (DE #19, Proposed Order, at ¶ 17.) Section 506(c) provides as follows: "The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim." 11 U.S.C. § 506(c). The Eighth Circuit has noted that Section 506(c) provides that "an expense may be surcharged against a secured creditor's collateral if the expenditure was necessary, reasonable, and directly benefitted the secured creditor." *Hartford Underwriters Ins. Co. v. Magna Bank, N.A. (In re Hen House Interstate, Inc.)*, 150 F.3d 868, 871 (8th Cir. 1998), *rev'd on other grounds*, *Hartford Underwriters Ins. Co. v. Magna Bank, N.A. (In re Hen House Interstate, Inc.)*, 177 F.3d 719 (8th

---

[1] Section 1107(a) generally invests the debtor in possession with the rights and powers of a trustee in chapter 11.

[2] The debtor in possession is presumptively authorized to operate the debtor's business. 11 U.S.C. § 1108.

Cir. 1999) (en banc), *aff'd Hartford Underwriters Ins. Co. v. Union Planters Bank*, 530 U.S. 1 (2000).

The Eighth Circuit has also held that "an agreement by a debtor and a secured creditor to prohibit the payment of § 506(c) administrative expenses from the secured creditor's collateral would operate as a windfall to the secured creditor at the expense of administrative claimants. We therefore conclude that such a provision is unenforceable." *Hen House I*, 150 F.3d at 872 The Eighth Circuit, on rehearing *en banc*, addressed the issue of standing of a non-trustee to surcharge a creditor's collateral under Section 506(c) and overruled prior law, *United States v. Boatmen's First Nat'l Bank*, 5 F.3d 1157 (8th Cir. 1993) (holding administrative creditor had standing to assert 506(c) claim), to which the original panel felt it was bound. 177 F.3d at 721. In its *en banc* ruling, the Eighth Circuit held that the original panel's decision in 150 F.3d 868 was overruled only "to the extent it construes § 506(c) to empower a non-trustee to surcharge an allowed secured creditor's collateral under that section and hold that [the administrative expense holder], a non-trustee claimant, lacks standing to assert a § 506(c) claim." *Id*. Therefore, it appears that the Eighth Circuit intended the issues not related to standing that were decided under *Hen House I* to continue as prevailing law in this circuit.

Similarly, some courts have held that prospective waivers of § 552 claims are not warranted, as they are essentially equitable claims to be asserted in the future. *See In re Metaldyne Corp.*, 2009 WL 2883045, at *6 (Bankr. S.D.N.Y. June 23, 2009). *Contra, e.g.*, *In re General Growth Props., Inc.*, 412 B.R. 122, 127 (Bankr. S.D.N.Y. 2009) (approving waiver without discussion).

The motion and memorandum of law provide no explanation as to why these waivers are necessary. Importantly, these provisions of the Bankruptcy Code are designed to protect

bankruptcy estates from spending money to protect a secured creditor's collateral with no benefit to the estate, and it appears that the Eighth Circuit prohibits blanket waivers of § 506(c) claims.

Based on the documents submitted thus far, it appears that this bankruptcy estate will be insolvent, and no committee has been appointed to review this financing arrangement.

In short, there is no reason, other than benefit to the DIP lender, to include these provisions in the Court's order.

### B.  The provision of liens in chapter 5 avoidance actions is not warranted.

The proposed order provides for perfected, post-petition security interests in all avoidance actions under chapter 5 of the Bankruptcy Code and 11 U.S.C. § 724(a) (DE #19, Proposed Order, at ¶ 9).

In general, such liens that attach to avoidance actions are objectionable. Chapter 5 avoidance actions are property of the bankruptcy estate and should not be surrendered to the DIP lender. The DIP lender would be awarded a lien to which it would not ordinarily be entitled and unsecured creditors could lose any claim to the proceeds of such actions. This provision is particularly troubling given the early stage of this case, the apparent insolvency of the debtors, and the lack of a creditors committee.

### C.  The proposed carve out for committee professionals and a chapter 7 trustee is inadequate.

The proposed order provides for a carve out of professional fees pursuant to a thirteen week budget. (*See* DE #19, at 86). The budget provides for payment of $210,000.00 to the DIP Lender's counsel, $243,750.00 for lender's counsel, $650,000.00 for the debtor's counsel, and $200,000.00 for the Creditor Committee. The proposed order also appears to contemplate $50,000.00 for "Committee Costs", $15,000.00 for a chapter 7 trustee, and $10,000.00 for an "Investigation Budget Amount." (*See* DE #19, ¶¶ 14-15.)

Here, the amount budgeted for all costs of the committee is dwarfed by the amounts set aside for debtor's counsel and the DIP Lender's counsel. Given that there is no committee in place, this provision is objectionable.

The provision in the proposed order that purports to limit the use of DIP lender funds to an investigation that is conducted within 30 days after the appointment of a creditor committee is also objectionable. Thirty days' time to investigate claims is unreasonably short.

In addition, the limits placed upon a chapter 7 trustee and for an "Investigation Budget Amount' are also objectionable.

### D.    The provisions regarding payment of DIP Lender fees and expenses are objectionable.

The proposed order provides for the payment "upon demand" of "all other reasonable fees and out-of-pocket costs and expenses of the DIP Lender in accordance with the terms of this Interim Order and the DIP Loan Documents . . . . ." (*See* DE #19, Proposed Order, ¶ 7b. The arrangement provides that the United States Trustee may raise any objections to said expenses within 10 days of the receipt of the receipt of invoices. (*See id.*) Finally, the proposed order provides for immediate payment of various DIP facility fees and expenses. (*See id.*)

The 10 day window for objecting to the DIP lender's expenses is simply too small. The United States Trustee requests at least 21 days to review any such invoices submitted in support of entitlement to fees or expenses.

In addition, the proposed order appears to cut off any right that any party would have to review any DIP lender fees or expenses. Again, no reason for this provision is provided, and it simply seems designed to provide an unwarranted benefit for the DIP lender and its professionals.

### E. The financing order effectively prohibits any litigation against the DIP lender and is objectionable.

Paragraph 15 of the proposed order provides generally that the proceeds of the DIP loan shall not be used to fund any litigation against the DIP lender or its interests. This appears to include any challenge to the claims of the DIP lender or its agents and any actions under chapter 5 of the Bankruptcy Code against the DIP lender.

The debtor does not appear to have adequate funding, aside from the proposed DIP funds, to fund litigation. Thus, the ability of the debtor to litigate appears to be dependent on the DIP lender providing necessary funds to pay professionals. Read broadly, this provision could prevent the debtor or the committee from pursuing any resolution of this chapter 11 case that the DIP lender opposes unless alternative funding can be secured. Similarly, it could prevent a committee or the debtor from pursuing any chapter 5 actions against the DIP lender. This is troubling given that the debtor has provided very little information regarding its financial circumstances, including any pre-petition transfers. As a result, the Court should excise these provisions from its order.

### F. The indemnification provisions are objectionable.

The proposed order provides for broad indemnification of the DIP lender. No reason has been given for this provision. In its current form, this would prevent a chapter 7 trustee or a committee from taking any action against the DIP lender, with the exception of actions for gross negligence or willful misconduct. For that reason, the United States Trustee objects to this provision.

**II.     The Court Should Protect the Rights of General Unsecured Creditors and a Hypothetical Chapter 7 Trustee.**

**A.     General unsecured creditors are unlikely to receive meaningful notice of this hearing.**

The debtor appears to have simply mailed copies of its motions to the twenty largest unsecured creditors, but there is no indication that the motions will be received with adequate time for interested parties to review and/or meaningfully respond. The debtor's motion seeks to compromise important rights of general unsecured creditors. In particular, the motion

Simply put, the motion is too broad for interim relief. The interim order should not prejudice or pre-determine the rights of any committee, chapter 7 trustee, or party in interest. The motion caption is characterized as one for interim and for final relief. But the contents of the motion seek approval of the majority of the entire loan amount and the approval of the debtors' general budget instead of relief for expenses necessary to avoid immediate and irreparable harm under Rule 4001(b). This relief is far too broad given the lack of meaningful notice to creditors.

Based on the stalking horse bid, there appears to be no equity in the debtors' assets for unsecured creditors in this case. If the court grants the relief requested, unsecured creditors will lose any meaningful chance to realize any recovery in this case.

**B.     The rights of a hypothetical chapter 7 trustee and administrative expense claimants should be protected.**

The motion seeks to grant liens, replacement liens, and super-priority status in post-petition causes of action to the detriment of potential chapter 7 administrative claimants and unsecured creditors. (*See e.g.*, DE #19, Proposed Order, at ¶¶ 9, 13.) The motion also seeks to bind a future chapter 7 trustee to the terms of the proposed order notwithstanding that no chapter 7 trustee presently exists. (*See id.*, at ¶¶ 2, 16.)

These provisions are also objectionable. The debtor should not be permitted to compromise the rights of future parties that do not yet exist. In fact, if the Court grants this motion, it is difficult to see under what circumstances the case could remain in chapter 11, as there would not be an estate for a liquidating trust to administer. Therefore, the chapter 7 trustee should not be impaired from being able to execute his statutory duties by being subordinated to super-priority creditors. *See, e.g.*, *In re Genmar Holdings, Inc.*, Bankr. No. 09-43537 (Bankr. D. Minn. 2009) (the Court granted a super-priority lien in chapter 5 causes of action while the case was in chapter 11 and the chapter 7 trustee was not able to distribute any funds beyond the payment of some administrative expense claims).

**C.     The relief in the proposed order should be limited.**

As with any interim relief granted involving long complicated agreements that are filed with limited notice and opportunity to review the documents, the relief in the proposed order should be limited as follows: "The motion is granted as set forth in this order." The motion was 197 pages long, and there may be provisions in the loan agreement that cannot be detected on an expedited basis.

*—Remainder of page intentionally blank—*

**CONCLUSION**

For the reasons stated above, the debtor's motion should be denied. In the alternative, the Court should modify the proposed order to address the United States Trustee's objections.

Dated:  March 12, 2019   JAMES L. SNYDER
Acting United States Trustee
Region 12

/e/ Colin Kreuziger
Colin Kreuziger, MN Atty. No. 0386834
Sarah J.  Wencil, Iowa Atty. No. 14014
Trial Attorneys
United States Department of Justice
Office of U.S. Trustee
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
TELE: (612) 334-1350

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City Food & Brewery Ltd. | Case No. 19-43756 |
| Debtor. | Chapter 11 Cases |
| In re: | Joint Administration Pending |
| Granite City Restaurant Operations, Inc. | Case No. 19-43757 |
| Debtor. | Chapter 11 Cases |
| In re: | Joint Administration Pending |
| Granite City of Indiana, Inc. | Case No. 19-43758 |
| Debtor. | Chapter 11 Cases |
| In re: | Joint Administration Pending |
| Granite City of Kansas Ltd. | Case No. 19-43759 |
| Debtor. | Chapter 11 Cases |
| In re: | Joint Administration Pending |
| Granite City of Maryland, Inc. | Case No. 19-43760 |
| Debtor. | Chapter 11 Cases |

**UNSWORN CERTIFICATE OF SERVICE**

The undersigned declares under penalty of perjury that on December 19, 2019, she caused to be filed electronically the following: United States Trustee's Objection to Motion for Entry of an Interim Order for: (i) Expedited Relief;  (ii) Approving Post-Petition Financing;  (iii)

Granting Liens and Providing Super Priority Administrative Expense Status; and (iv) Authorizing Use of Cash Collateral; and (v) Granting Adequate Protection; (vi) Modifying Automatic Stay; and (vii) Granting Related Relief, thereby generating electronic service upon all entities registered as CM/ECF users in this case. She also served the debtor by first class mail at the address stated below:

**Via First-Class Mail**:

Granite City Food & Brewery Ltd.
3600 American Blvd. West #400
Minneapolis, MN 55431

Executed on: December 19, 2019        **/e/ Audrey Williams**
**Audrey Williams**
**Office of the United States Trustee**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City Food & Brewery Ltd. | Case No. 19-43756 |
| Debtor. | Chapter 11 Cases |

___

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City Restaurant Operations, Inc. | Case No. 19-43757 |
| Debtor. | Chapter 11 Cases |

___

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City of Indiana, Inc. | Case No. 19-43758 |
| Debtor. | Chapter 11 Cases |

___

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City of Kansas Ltd. | Case No. 19-43759 |
| Debtor. | Chapter 11 Cases |

___

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City of Maryland, Inc. | Case No. 19-43760 |
| Debtor. | Chapter 11 Cases |

**ORDER**

The debtor's motion for entry of an interim order for: (i) expedited relief; (ii) approving post-petition financing; (iii) granting liens and providing super priority administrative expense status; and (iv) authorizing use of cash collateral; and (v) granting adequate protection; (vi)

modifying automatic stay; and (vii) granting related relief. (Docket Entry #19) is before the Court. For reasons stated orally and recorded in open court,

IT IS ORDERED:

1. The debtor's motion is denied.


Dated: _____

William J. Fisher
United States Bankruptcy Judge