**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**

___

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City Food & Brewery Ltd. | Case No. 19-43756 |
| Debtor. | Chapter 11 Cases |

___

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City Restaurant Operations, Inc. | Case No. 19-43757 |
| Debtor. | Chapter 11 Cases |

___

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City of Indiana, Inc. | Case No. 19-43758 |
| Debtor. | Chapter 11 Cases |

___

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City of Kansas Ltd. | Case No. 19-43759 |
| Debtor. | Chapter 11 Cases |

___

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City of Maryland, Inc. | Case No. 19-43760 |
| Debtor. | Chapter 11 Cases |

___

**OBJECTION TO MOTION FOR AN EXPEDITED HEARING AND FOR ENTRY OF AN ORDER ESTABLISHING CERTAIN NOTICE, CASE MANAGEMENT AND ADMINISTRATIVE PROCEDURES**

COMES NOW the United States Trustee through the undersigned attorney and objects to the motion for entry of an interim order establishing certain notice, case management and administrative procedures.

In support of the objections, the United States Trustee states the following:

1. Hearings on these matters have been scheduled in this matter on December 19, 2019 at 2:00 p.m. before the U.S. Bankruptcy Court, Courtroom 2B, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota.

2. These chapter 11 cases were filed on the afternoon of December 16, 2019 and these motions, as a part of 11 separate motions, were filed with slightly more than 48 hours' notice of the scheduled hearing.

3. In the petitions filed with the Court, the debtors provided the names and addresses of the 20 largest creditors, but did not provide contact names, email addresses, or phone numbers for unsecured creditors.

For the reasons set forth in the attached memorandum of law, the United States Trustee requests that the Court deny the motions and grant such other relief as appropriate.

Dated: March 12, 2019

JAMES L. SNYDER
Acting United States Trustee
Region 12

/e/ Colin Kreuziger
Colin Kreuziger, MN Atty. No. 0386834
Sarah J. Wencil, Iowa Atty. No. 14014
Trial Attorneys
United States Department of Justice
Office of U.S. Trustee
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
TELE: (612) 334-1350

## VERIFICATION

      I, Colin Kreuziger, trial attorney for the United States Trustee, the movant named in the foregoing motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on:  December 19, 2019                                   Signed:/e/ Colin Kreuziger
                                                                                                        Colin Kreuziger
                                                                                                        Trial Attorney

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**

___

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City Food & Brewery Ltd. | Case No. 19-43756 |
| Debtor. | Chapter 11 Cases |

___

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City Restaurant Operations, Inc. | Case No. 19-43757 |
| Debtor. | Chapter 11 Cases |

___

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City of Indiana, Inc. | Case No. 19-43758 |
| Debtor. | Chapter 11 Cases |

___

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City of Kansas Ltd. | Case No. 19-43759 |
| Debtor. | Chapter 11 Cases |

___

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City of Maryland, Inc. | Case No. 19-43760 |
| Debtor. | Chapter 11 Cases |

___

**MEMORANDUM OF LAW**

___

The United States Trustee submits this memorandum of law in support of his objection to the debtor's motion for entry of an order establishing certain notice, case management and administrative procedures. The facts are as stated in the attached objection.

I. **The Motion Compromises Due Process Rights and Does Not Comply with the Federal Rules of Bankruptcy Procedure.**

The motion is too vague and compromises the due process rights of parties in interest that are inherent in the Code and Rules. More importantly, the requested relief appears to misread the plain language of the Bankruptcy Rules.

Fed. R. Bankr. P. 2002 generally provides for notices of certain hearings, deadlines, and case events to various parties in interest. Rule 2002(m) provides that "the court may *from time to time* enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent *except* as otherwise provided in these rules." (Emphasis supplied).

First, the language of Rule 2002(m) suggests a case-by-case analysis as to whether notice should be limited in a particular matter. It does not appear to allow for a standing order that limits notice generally. The best practice is for the debtor to file a motion to limit notice on a matter-by-matter basis so the Court can equitably consider the implications of each request.

Second, the debtor's motion omits the word "except" when it quotes Rule 2002(m). The United States Trustee submits that this omitted word has meaning. Specifically, it appears to suggest that, where a particular form of notice is articulated in the Rules, the Court may not adjust the notice based on Rule 2002(m). Here, the debtors appear to be attempting to avoid the other notice requirements of Rule 2002 with a blanket motion under Rule 2002(m). The plain text of the Rule appears to forbid such an outcome.

Similarly, the debtors do not appear to acknowledge critical language in Rule 9007 that states: "When notice is to be given under these rules, the court shall designate, *if not otherwise specified herein*, the time within which, the entities to whom, and the form and manner in which the notice shall be given." (Emphasis supplied) Although the debtors did not omit the emphasized language, they do not appear to attribute any meaning to it. The language appears to prevent the Court from limiting or altering the specific notice provisions contained in other parts of the Rules, including in Rule 2002.

The debtors also point to Fed. R. Bankr. P. 9036 to justify their motion. But as the debtors observe, Rule 9036 allows parties in interest to request electronic notice. It does not authorize an adverse party, such as the debtors, to *demand* that parties in interest receive electronic notice.

In any event, the debtors here are not even suggesting that notices be "transmitted" to parties in interest as discussed in Rule 9036. Instead, the motion suggests that notices will be published on a website. Importantly, parties in interest will bear the burden of sorting through a "free" docket to determine which motions may be relevant to that party. This task is too difficult for the parties, primarily laypersons, that the debtor is seeking to avoid serving. And it is not authorized by Rule 9036, which appears to contemplate some kind of directed transmission of notices to parties in interest.

Finally, the debtors' motion also mentions that there will be a servicing agent maintaining the website, but the debtor offers no explanation as to why a servicing agent is necessary if the debtors are seeking not to serve all of the parties in the case.

**CONCLUSION**

For the reasons stated above, the debtors' motion should be denied. In the alternative, the Court should modify the proposed order to address the United States Trustee's objections.

Dated: March 12, 2019

JAMES L. SNYDER
Acting United States Trustee
Region 12

/e/ Colin Kreuziger
Colin Kreuziger, MN Atty. No. 0386834
Sarah J. Wencil, Iowa Atty. No. 14014
Trial Attorneys
United States Department of Justice
Office of U.S. Trustee
1015 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
TELE: (612) 334-1350

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City Food & Brewery Ltd. | Case No. 19-43756 |
| Debtor. | Chapter 11 Cases |
| In re: | Joint Administration Pending |
| Granite City Restaurant Operations, Inc. | Case No. 19-43757 |
| Debtor. | Chapter 11 Cases |
| In re: | Joint Administration Pending |
| Granite City of Indiana, Inc. | Case No. 19-43758 |
| Debtor. | Chapter 11 Cases |
| In re: | Joint Administration Pending |
| Granite City of Kansas Ltd. | Case No. 19-43759 |
| Debtor. | Chapter 11 Cases |
| In re: | Joint Administration Pending |
| Granite City of Maryland, Inc. | Case No. 19-43760 |
| Debtor. | Chapter 11 Cases |

**UNSWORN CERTIFICATE OF SERVICE**

The undersigned declares under penalty of perjury that on December 19, 2019, she caused to be filed electronically the following: United States Trustee's Objection to Motion for Entry of an Order Establishing Certain Notice, Case Management and Administrative

Procedures, thereby generating electronic service upon all entities registered as CM/ECF users in this case. She also served the debtor by first class mail at the address stated below:

**<u>Via First-Class Mail</u>**:

**Granite City Food & Brewery Ltd.**
**3600 American Blvd. West #400**
**Minneapolis, MN 55431**

Executed on: December 19, 2019            <u>/e/ Audrey Williams</u>
                          **Audrey Williams**
                          **Office of the United States Trustee**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Joint Administration Pending |
| Granite City Food & Brewery Ltd. | Case No. 19-43756 |
| Debtor. | Chapter 11 Cases |
| In re: | Joint Administration Pending |
| Granite City Restaurant Operations, Inc. | Case No. 19-43757 |
| Debtor. | Chapter 11 Cases |
| In re: | Joint Administration Pending |
| Granite City of Indiana, Inc. | Case No. 19-43758 |
| Debtor. | Chapter 11 Cases |
| In re: | Joint Administration Pending |
| Granite City of Kansas Ltd. | Case No. 19-43759 |
| Debtor. | Chapter 11 Cases |
| In re: | Joint Administration Pending |
| Granite City of Maryland, Inc. | Case No. 19-43760 |
| Debtor. | Chapter 11 Cases |

**ORDER**

The debtor's motion for entry of an order establishing certain notice, case management and administrative procedures (Docket Entry #18) is before the Court. For reasons stated orally and recorded in open court,

IT IS ORDERED:

1. The debtor's motion is denied.


Dated: _____

William J. Fisher
United States Bankruptcy Judge