## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Jointly Administered under 19-43756 (WJF) |
| Granite City Food & Brewery Ltd. | 19-43756 |
| Granite City Restaurant Operations, Inc. | 19-43757 |
| Granite City of Indiana, Inc. | 19-43758 |
| Granite City of Kansas Ltd. | 19-43759 |
| Granite City of Maryland, Inc. | 19-43760 |
| Debtors. | Chapter 11 Cases |

**REPLY TO OBJECTION OF CONSTELLATION NEWENERGY, INC. AND AMERICAN ELECTRIC POWER TO DEBTORS' NOTICE OF HEARING AND MOTION FOR AN ORDER (I) GRANTING EXPEDITED HEARING; AND (II) ESTABLISHING PROCEDURES REGARDING ADEQUATE ASSURANCE OF FUTURE PERFORMANCE FOR UTILITIES**

The Debtors ("Granite City"), in response to the objections of Constellation NewEnergy, Inc. ("CNE") and American Electric Power ("AEP," and collectively with CNE, the "Objecting Utilities"), state as follows:

1. The Objecting Utilities err in arguing that there is anything inappropriate about the Debtors' proposed relief. In fact, the proposed relief has been granted in multiple large chapter 11 bankruptcy cases. *See, for example, In re Chrysler LLC, et al.*, No. 09-50002-AJG, 2009 WL 1357949 (S.D. N.Y. May 14, 2009) (entering an order determining that utilities are adequately assured of future payment by a deposit in a segregated account and an opt-out program similar to the order proposed by Granite City); *see also In re Buffets Holdings, Inc.*, No. 08-10141, 2009 WL 453112 (D. Del. Feb. 24, 2009) (dismissing as moot appeal of order determining that a segregated account was adequate assurance of payment).

2. The Objecting Utilities further err by arguing that the Debtors bear the burden of

proof regarding adequate assurance. *In re Continental Common, Inc.*, No. 10-37542-HDH, 2011 WL 13238210 at *7 (N.D. Tex. Feb. 14, 2011) ("The structure of section 366 clearly contemplates allowing the Bankruptcy Court discretion to make any reasonable modifications it deems necessary. There is no mention of any party bearing any burden in requesting a modification.").

3. Despite the efforts of the Objecting Utilities to argue otherwise, the segregated account proposed by the Debtors is completely consistent with the "cash deposit" of section 366(c)(1)(A)(i). *Id.* ("A cash deposit is all that is necessary, there is no additional statutory language adding requirements or directing who can hold such a deposit.").

4. The Court should reject the demands of the Objecting Utilities for cash deposits equal to two months of service because this would amount to a "guarantee" rather than merely adequate assurance. *Id.* at *5. ("courts have generally held that 'Section 366 requires a determination that a utility is not subject to unreasonable risk of nonpayment, but does not require a guarantee of payment.'") (quoting *In re Anchor Glass Container Corp.*, 342 B.R. 872, 875 (Bankr. M.d. Fla. 2005)).

5. The Debtors are negotiating with the Objecting Utilities and hope to resolve their objections expeditiously.

WHEREFORE, the Debtors respectfully request that the Court grant the Motion, grant expedited relief, grant the relief requested by the Debtors, and grant such other relief as the Court deems just and equitable.

|  |  |
|---|---|
|  | **TAFT STETTINIUS & HOLLISTER LLP** |
| Dated: January 6, 2020 | /e/ James M. Jorissen<br>By: _____<br>James M. Jorissen, #262833<br>Karl J. Johnson, #391211<br>2200 IDS Center<br>80 South Eighth Street<br>Minneapolis, MN 55402<br>Telephone: 612-977-8400<br>Facsimile: 612-977-8650<br>jjorissen@briggs.com<br>kjohnson@briggs.com<br><br>**PROPOSED COUNSEL FOR THE DEBTORS** |