**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**

___

| | |
|---|---|
| In re: | Jointly Administered under 19-43756 (WJF) |
| Granite City Food & Brewery Ltd. | 19-43756 |
| Granite City Restaurant Operations, Inc. | 19-43757 |
| Granite City of Indiana, Inc. | 19-43758 |
| Granite City of Kansas Ltd. | 19-43759 |
| Granite City of Maryland, Inc. | 19-43760 |
| Debtors. | Chapter 11 Cases |

___

**ORDER PURSUANT TO 11 USC §§ 105(a), 363 AND 365 (I) APPROVING AUCTION AND BID PROCEDURES; (II) APPROVING BREAK-UP FEE, EXPENSE REIMBURSEMENT AND OTHER BUYER PROTECTIONS; AND (III) GRANTING RELATED RELIEF**

___

The motion (the "Motion") of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" or "Granite City") for an Order, pursuant to sections 105(a), 363, and 365 of title 11 of the United States Code (the "Bankruptcy Code"), as well as Rules 2002, 6004, 6006 and 9014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), (1) Approving Auction and Bid Procedures; (2) Approving Break-Up Fee, Expense Reimbursement and Other Protections; (3) Approving Form and Manner of Notice; (4) Authorizing Sale of Assets Free and Clear of Liens, Claims and Encumbrances, Subject to Higher or Better Offers; (5) Approving Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; and (6) Granting Related Relief came before the undersigned on January 14, 2020. Appearances were noted in the record. Due notice of the Motion having been given.

NOTICE OF ELECTRONIC ENTRY AND FILING ORDER OR JUDGMENT
Filed and Docket Entry made on 01/24/2020
Lori Vosejpka, Clerk, by WM

Based on the Motion, the arguments of counsel, all the files, records and proceedings herein, the Court being advised in the premises, and after due deliberation and sufficient cause appearing therefore:

IT IS HEREBY FOUND AND DETERMINED THAT:

A. The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Due and proper notice of the Motion appears to have been provided as set forth in the Motion.

C. The Bid Procedures (as defined below) [Dkt. No. 140] are fair, reasonable and appropriate and are designed to maximize the value of the Debtors' estates.

D. The Debtors have demonstrated a compelling and sound business justification for authorizing the payment of the Expense Reimbursement and the Break-Up Fee as set forth in the APA (as defined below).

E. The Expense Reimbursement (i) is fair and reasonable, (ii) provides a benefit to the Debtors' estates and parties in interest in these cases, and (iii) will preserve the value of the Debtors' estates for the benefit of creditors.

F. The Break-Up Fee (i) is fair and reasonable, (ii) provides a benefit to the Debtors' estates and parties in interest in these cases, and (iii) will preserve the value of the Debtors' estates for the benefit of creditors.

G. The Break-Up Fee, among other things: (i) is the result of arm's-length negotiations among the parties that were not tainted by self-dealing or manipulation; (ii) is reasonably tailored to encourage, rather than hamper, bidding for the Debtors' assets; (iii) is reasonable in amount

relative to the proposed purchase price; (iv) is reasonably tailored to retain a potentially successful bid, establish a bid standard and minimum bid for other bidders, and attract additional bidders; and (v) correlates with a maximization of value to the Debtors' estates.

H. If applicable, the Debtors' payment of the Expense Reimbursement and the Break-Up Fee, are reasonable and appropriate, in light of, among other things, (i) the size and nature of the proposed sale, (ii) the substantial efforts that are being expended by the Proposed Purchaser, and (iii) the benefits the Proposed Purchaser is providing to the Debtors' estates and creditors and all parties in interest herein. Furthermore, the granting of the Buyer Protection Liens (as defined below) is appropriate and justified under sections 105(a) and 364(c) of the Bankruptcy Code.

I. The prohibition on solicitation set forth in Section 9.1 of the APA (the "No-Shop Requirement") is fair and reasonable.

J. The Debtors have demonstrated a compelling and sound business justification for the No-Shop Requirement in light of the circumstances, timing and proposed Bid Procedures set forth in the Motion. Any actions or omissions taken by the Debtors, their representatives, agents or advisors in accordance with the No-Shop Requirement are supported by sound business judgment.

K. The entry of this Order is in the best interests of the Debtors and their estates, creditors and interest holders and all other parties in interest herein.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Pursuant to 11 U.S.C. 105(a), 363 and 365 and Bankruptcy Rules 2002, 6004, 6006 and 9006, the Motion is granted as set forth herein.

2. All objections filed in response to the Motion, to the extent not resolved herein, are hereby overruled.[1]

**The Stalking Horse Bid**

3. The transaction contemplated by the Asset Purchase Agreement, dated as of December 16, 2019 (the "APA"), by and among the Debtors and KRG Granite Acquisition, LLC, a Nevada limited liability company (the "Proposed Purchaser") is designated as the "Stalking Horse Bid."

**The Bid Procedures and the Auction**

4. The procedures for the submission of bids and the conduct of an auction for the sale of certain of the Debtors' Acquired Assets (the "Bid Procedures" [Dkt. No. 140] and, together with the Break-Up Fee, the Expense Reimbursement, and the No-Shop Requirement, the "Buyer Protections") are hereby incorporated herein and approved in their entirety.

5. The Proposed Purchaser shall constitute a Qualified Bidder for all purposes and in all respects with regard to the Auction, the Bid Procedures, and the overall Sale process.

6. To qualify as a Qualified Bidder, the Proposed Purchaser shall deliver its Adequate Assurance Information (as defined in the Bid Procedures) to all counterparties to unexpired leases of non-residential real property that may be assumed and assigned pursuant to the APA (by

---

[1] Notwithstanding any reference in this order to the proposed sale of the Debtors' assets being free and clear of any liens, claims, or encumbrances, nothing herein shall or is intended to extinguish the easements, covenants, options, or other restrictions of 755 Tower Associates, L.L.C. with respect to the real property and Debtors' restaurant at 699 West Big Beaver Road, Troy, Michigan 48084, which are more particularly described in the objection of 755 Tower Associates, L.L.C. at docket number 117.

overnight courier), and their counsel (by electronic mail) by February 6, 2020 at 5:00 p.m. (prevailing Central Time). Counterparties are required to keep confidential any non-public Adequate Assurance Information provided by the Proposed Purchaser, except such information may be used in any objection filed with the Court.

7. The Debtors are authorized: (a) to conduct the Auction on February 11, 2020 at 9:00 a.m. (prevailing Central Time) at the offices of Taft Stettinius & Hollister LLP (f/k/a Briggs and Morgan, P.A.) in Minneapolis, Minnesota (or such other time and place as designated by the Debtors on notice to the Notice Parties); and (b) subject to the terms of this Order and the Bid Procedures, to take all actions necessary, in the discretion of the Debtors, to conduct and implement such Auction.

8. As a condition to assumption and assignment of unexpired leases of non-residential real property, the Debtors shall deliver all Adequate Assurance Information of any Qualified Bidder (as defined in the Bid Procedures) to all counterparties to unexpired leases of non-residential real property that may be assumed and assigned pursuant to the Qualified Bids (as defined in the Bid Procedures) (by overnight courier) and their counsel (by electronic mail) by February 6, 2020 at 5:00 p.m. (prevailing Central Time). Counterparties are required to keep confidential any non-public Adequate Assurance Information provided by any Qualified Bidder, except such information may be used in any objection filed with the Court.

9. If the Debtors do not receive any Qualified Bids (other than the Stalking Horse Bid) by 12:00 p.m. (prevailing Central Time) on February 6, 2020, the Debtors are authorized to cancel the Auction on notice to the Notice Parties and seek approval of the APA at a hearing to be held on February 21, 2020 at 1:30 p.m. (prevailing Central Time).

10.     The Debtors may, in consultation with the Consultation Parties: (a) select, in their business judgment, the highest or otherwise best offer(s), and the Successful Bidder or Bidders and the next highest and best offer(s), and the Back-up Bidder or Bidders; and (b) reject any bid that, in the Debtors' business judgment, is (i) inadequate or insufficient, (ii) not in conformity with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Sale Procedures, or (iii) contrary to the best interests of the Debtors and their estates, creditors, interest holders or parties in interest.

11.     As a condition of approval of assumption and assignment of non-residential real property leases, the Debtors shall file a notice of the results of the Auction by no later than February 12, 2020 at 12:00 p.m. (prevailing Central Time).  Such notice shall include the identity of any Successful Bidder and Back-Up Bidder, a list of leases of non-residential real property proposed to be assigned at closing, a list of leases otherwise subject to the bids of the Successful Bidder and Back-up Bidder and any agreements (redlined against the APA) with any Successful Bidder and Back-up Bidder to purchase the Debtors' assets.

**Break-Up Fee and Expense Reimbursement**

12.     The Break-Up Fee and the Expense Reimbursement as set forth in the APA are hereby approved.

13.     Pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtors shall pay the Expense Reimbursement pursuant to the terms and conditions set forth in Section 5.4 of the APA. The Expense Reimbursement shall constitute an Allowed Termination Claim against the Sellers, which: (a) is secured by (i) a junior lien on property of the Debtors' estates that are subject to a lien, including the liens of the DIP Lender and the liens of Citizens Bank, N.A., the agent for the Debtors' prepetition lenders, to the fullest extent of applicable law, and (ii) a lien on property of

the Debtors' estates that is not otherwise subject to a lien or held by a professional as a retainer (collectively, the "Buyer Protection Liens"); and (b) to the extent not secured by the Buyer Protection Liens, has priority as an administrative expense in accordance with sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code. Notwithstanding the foregoing or anything to the contrary herein, the Buyer Protection Liens shall not attach to or encumber the Debtors' leases of non-residential real property. The Debtors' obligation to pay the Expense Reimbursement shall not be subject to any defense, claim, counterclaim, offset, recoupment, or reduction of any kind whatsoever and shall not be amended, discharged, expunged or released in any respect pursuant to any plan or plans for the Debtors.

14. If the Break-Up Fee becomes payable in accordance with the terms set forth in the APA, pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtors shall pay the Break-Up Fee in accordance with the terms set forth in Section 5.4 of the APA. The Debtors' obligation to pay the Break-up Fee shall be joint and several, absolute and unconditional and not subject to any defense, claim, counterclaim, offset, recoupment, or reduction of any kind whatsoever and shall not be amended, discharged, expunged or released in any respect pursuant to any plan or plans for the Debtors. The Break-Up Fee has priority as an administrative expense in accordance with sections 503(b)(1)(A) or 507(a)(2) of the Bankruptcy Code.

**No-Shop Requirement**

15. The No-Shop Requirement is hereby approved.

**Procedure to Determine Cure Amounts**

16. As a condition of approval of assumption and assignment of non-residential real property leases, on or before January 23, 2020, the Debtors shall file and serve a notice on all counterparties (and their counsel) to any executory contracts and unexpired leases which may be

7

assumed and assigned in connection with the Motion (the "Cure Notice"). The Cure Notice shall set forth the Debtors' position regarding the amounts then due by the Debtors to such counterparties and an itemization of the components of such amounts. Objections to the Cure Notice shall be filed and served upon counsel for the Debtors by February 3, 2020 at 5:00 p.m. (prevailing Central Time). Objections to the Cure Notice shall not be heard at the Sale Hearing and shall be heard on appropriate notice to counterparties to executory contracts and unexpired leases. The Debtors are authorized to resolve cure amounts by agreements with such counterparties without further order of the Court, provided, however, that the Debtors may not agree to pay any cure amount that exceeds the proposed cure amount set forth in the Debtors' Cure Notice by more than $10,000.00 without the consent of Citizens Bank, N.A.

**The Sale Hearing**

17.     The Sale Hearing shall be held before this Court on February 21, 2020 at 1:30 p.m. (prevailing Central Time), or as soon thereafter as counsel and interested parties may be heard. The notices set forth in the Motion shall be deemed good and sufficient notice of the Sale and the Sale Hearing. The Sale Hearing may be adjourned, from time to time, without further notice to creditors or other parties in interest other than by announcement of the adjournment before this Court or on this Court's calendar on the date scheduled for the hearing. A status hearing on unresolved cure amounts shall be scheduled at the Sale Hearing.

18.     Objections, if any, to the Sale (except for objections to the Cure Notice) must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Bankruptcy Rules; (c) be filed with the clerk of the Bankruptcy Court for the District of Minnesota, 301 U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, on or before 12:00 p.m. (prevailing Central Time) on February 20, 2020, or such later dates and times as the Debtors may agree (the "Objection

Deadline"); and (d) be served upon the following notice parties (collectively, the "Notice Parties"): (i) counsel for the Debtor, (ii) counsel for the Proposed Purchaser, (iii) counsel for the creditors' committee, and (iv) the United States Trustee.

**Additional Provisions**

19. The automatic stay provision of section 362 of the Bankruptcy Code shall not apply to the Proposed Purchaser's right to terminate the APA in accordance with the terms of the APA.

20. The Debtors are authorized and empowered to take such steps, expend such sums of money and do such other things as may be necessary to implement and effect the terms of this Order.

21. This Order shall be binding upon and inure to the benefit of the Successful Bidder or Bidders and any Back-Up Bidder and each of their respective affiliates, successors and assigns, and the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors, whether in these cases or subsequent bankruptcy cases or upon dismissal of any of these cases.

22. As provided by Bankruptcy Rule 6004(h), with respect to the matters set forth herein and in the Bid Procedures, this Order shall not be stayed for fourteen (14) days after the entry hereof and shall be effective and enforceable immediately upon its entry on this Court's docket.

23. This Court shall retain jurisdiction over any matters related to or arising from the implementation of this Order, including, but not limited to, any matter, claim or dispute arising from or relating to the Buyer Protections and the implementation of this Order.

Dated:  *January 24, 2020*

/e/ William J. Fisher
_____
William J. Fisher
United States Bankruptcy Judge