**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Jointly Administered under 19-43756 (WJF) |
| Granite City Food & Brewery Ltd. | 19-43756 |
| Granite City Restaurant Operations, Inc. | 19-43757 |
| Granite City of Indiana, Inc. | 19-43758 |
| Granite City of Kansas Ltd. | 19-43759 |
| Granite City of Maryland, Inc. | 19-43760 |
| Debtors. | Chapter 11 Cases |

# NOTICE OF HEARING AND MOTION FOR AN ORDER (I) APPROVING REJECTION OF CERTAIN UNEXPIRED LEASES; (II) APPROVING ABANDONMENT OF PERSONAL PROPERTY AT THE SITES OF REJECTED LEASES; AND (III) RELATED RELIEF

TO: THE PARTIES-IN-INTEREST AS SPECIFIED IN LOCAL RULE 9013-3.

1. The above-named Debtors ("Debtors"), through their undersigned attorneys, move the court for the relief requested below and give notice of hearing.

2. The court will hold a hearing on this Motion (the "Motion") at 1:30 p.m. on Wednesday, March 25, 2020 before the Honorable William J. Fisher, Courtroom 2B, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101.

3. Any response to this motion must be filed and served not later than Friday, March 20, 2020, which is five days before the time set for the hearing on the motion (including Saturdays, Sundays, and holidays). **UNLESS A RESPONSE OPPOSING THIS MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

## JURISDICTION AND VENUE

4. This court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. The petitions commencing these cases were filed

on December 16, 2019 (the "Petition Date"). These cases are now pending before this court.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. This Motion requests relief under 11 U.S.C. §§ 365(a) and 554 and is filed pursuant to Federal Rules of Bankruptcy Procedures 6006, 6007, and 9014 and Local Rules 6004-1, 6007-1 and 9013-1 through 9013-3. The Debtors seek an order (I) approving the rejection of the unexpired leases identified on **Exhibit A** (the "Rejected Leases"), (II) approving abandonment of personal property remaining at the leased premises on **Exhibit A** and the personal property remaining at locations for which rejection was approved by the Court's order entered as Docket No. 65; and (III) related relief.

## FACTUAL BACKGROUND

7. On the Petition Date, the Debtors owned and operated Granite City restaurants in 13 states and Cadillac Ranch restaurants in 4 states.

8. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the Declaration of Richard H. Lynch in Support of Chapter 11 Petitions and First Day Motions, filed on December 16, 2019.

9. On the Petition Date, the Debtors each filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases. On January 6, 2020, the United States Trustee for the Twelfth District appointed a committee of unsecured creditors.

10. On December 17, 2019, the Debtors filed a *Notice of Hearing and Motion for an Order (I) Granting Expedited Hearing; and (II) Approving Rejection of Certain Unexpired*

*Leases* [Dkt. 15] for seven locations that ceased operating prepetition. On December 24, 2019, the Court entered an order approving rejection of the leases for those seven locations [Dkt. 65] (the "Previously Rejected Leases"). For the avoidance of doubt, the Previously Rejected Leases are listed on the attached **Exhibit B** (the "Previously Rejected Leases").

11. On December 30, 2019, the Debtors filed their Notice of Hearing and Motion for an Order (I) Granting Expedited Hearing; (II) Approving Bid Procedures and Related Bid Protections for Stalking Horse Bidder; (III) Approving the Sale of Assets Free and Clear of all Liens, Interests, Claims and Encumbrances; (IV) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection with the Sale; and (V) Granting Other, Related Relief (the "Bid and Sale Procedures Motion") [Dkt. 77]. The Asset Purchase Agreement with the Stalking Horse Bidder provided a designation period for the purchaser to decide which leases it wanted to be assumed and assigned.

12. On January 24, 2020, the Court issued an Order Approving Auction and Bid Procedures [Dkt. 143]. On February 11, 2020, the Debtors conducted the auction. On February 12, 2020, the Debtors filed the Notice of Auction Results announcing the identities of the Successful Bidders.

13. The Asset Purchase Agreements with the Successful Bidders include designation periods to decide which leases the Successful Bidders want assumed and assigned. The Successful Bidders have decided that they will not want the Rejected Leases.

14. Furniture, Fixtures and Equipment ("FF&E" or "Remaining Property") remains at the leased premises including zymology equipment such as fermentation vats. The Debtors believe that the Remaining Property has little resale value. In many cases, the cost of removing the Remaining Property may exceed its resale value.

15. Citizens Bank has a security interest in the FF&E. The zymology equipment is

large and for many locations may not fit through any of the existing doors or entry ways. In some locations, the FF&E is hardwired into the electrical system or is directly connected to the plumbing system of the location.

16. Because the Remaining Property is fully encumbered and is not needed to operate the Debtors' business, the Debtors have determined that the FF&E is of inconsequential value and benefit to the estate. Furthermore, the Remaining Property is burdensome to the estate to the extent that removing the property may cost more than its resale value and the landlords may attempt to assert administrative expense claims for storage of the Remaining Property if the property is not abandoned.

## **RELIEF REQUESTED**

17. The Debtors request entry of an order approving rejection of the unexpired leases as of the applicable date on the attached **Exhibit A** (the "Rejection Date").

18. Subject to the interests of any buyer under a court-approved Asset Purchase Agreement, the Debtors also request that the Court approve abandonment of FF&E and any other personal property remaining at the leased premises subject to the leases listed on Schedule A and the Previously Rejected Leases (the "Remaining Property") with the exception of (i) any property that is leased to the Debtors by a third party or that is owned by a third party other than the applicable landlord, or (ii) any computers or other property to the extent that such property contains (a) personally identifiable information of the Debtors' employees or customers, or (b) critical business information not available to the Debtors from other sources.

19. Finally, the Debtors request that if the Debtors have deposited monies with a non-Debtor counterparty to a Contract as a security deposit or otherwise, such counterparty may not set off or otherwise use such deposit without the prior authorization of the Court or consent of the Debtors.

20. Based on the foregoing, the Debtors submit that the relief requested herein is necessary and appropriate, is in the best interests of their estates and creditors, and should be granted in all respects.

21. Pursuant to Local Rule 9013-2(a), this Motion is verified and accompanied by a memorandum of law, proposed order, and proof of service.

22. Pursuant to Local Rule 9013-2(c), the debtors give notice that they may, if necessary, call Richard H. Lynch, Chief Executive Officer of Debtors, 3600 American Blvd. West, #400, Bloomington, MN 55431, to testify on behalf of the Debtors about the factual matters raised in this Motion.

WHEREFORE, the Debtors respectfully request that the Court grant the Motion and grant such other and further relief as the court may deem just and equitable.

**TAFT STETTINIUS HOLLISTER LLP**

Dated: March 11, 2020

/e/ James M. Jorissen
By: ____________________________

James M. Jorissen, #262833
Karl J. Johnson, #391211
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: 612-977-8400
Facsimile: 612-977-8650
jjorissen@taftlaw.com
kjjohnson@taftlaw.com

**COUNSEL FOR THE DEBTORS**

## VERIFICATION

I, Richard H. Lynch, Chief Executive Officer of the Debtors named in the foregoing motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated this 10th day of March, 2020.

Richard H. Lynch

# EXHIBIT A

| Address (County) | Counterparty | Remaining Property | Rejection Date |
|---|---|---|---|
| 400 Renaissance Center<br>Suite 1101<br>Detroit, MI 48243<br>(Wayne County) | Riverfront Holdings, Inc. c/o CBRE, Inc. Lease Administration | FF&E | March 10, 2020 |
| 7140 Harrison Avenue<br>Suite 108<br>Rockford, IL 61112<br>(Winnebago County) | Cherryvale Mall LLC | FF&E | March 10, 2020 |
| 1001 North 102nd Street<br>Omaha, NE 68114<br>(Douglas County) | Westroads Mall L.L.C. c/o General Growth Properties, Inc. | FF&E | March 10, 2020 |
| 2300 Village Drive West<br>Suite 130<br>Maumee, OH 43537<br>(Lucas County) | Fallen Timbers Ohio LLC<br>c/o NAMCO Realty LLC | FF&E | March 10, 2020 |
| 200 American Way<br>Oxon Hill, MD 20745<br>(Prince Georges County) | Peterson Companies | FF&E | March 10, 2020 |
| 11735 Sherri Lane<br>Kendall, FL 33183<br>(Miami-Dade County) | Weingarten Realty | FF&E | February 24, 2020 |

## EXHIBIT B

| Address (County) | Remaining Property |
|---|---|
| 14035 South La Grange Rd<br>Orland Park, IL 60462<br>(Cook County) | FF&E |
| 992 Willow Road, Suite 20<br>Northbrook, IL 60062<br>(Cook County) | FF&E |
| 230 Conference Center Dr.<br>East Peoria, IL 61611<br>(Tazwell County) | FF&E |
| 25001 Cedar Road<br>Suite #E-34<br>Lyndhurst, OH 44124<br>(Cuyahoga County) | FF&E |
| University Park Shopping Center<br>6501 Grape Road<br>Mishawaka, IN 46545<br>(St. Joseph County) | FF&E |
| 150 W. 96th Street<br>Indianapolis, IN 46290<br>(Marion County) | FF&E |
| 49 West Maryland Street<br>Room B03A<br>Indianapolis, IN 46240<br>(Marion County) | FF&E |

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| In re: | Jointly Administered under 19-43756 (WJF) |
| Granite City Food & Brewery Ltd. | 19-43756 |
| Granite City Restaurant Operations, Inc. | 19-43757 |
| Granite City of Indiana, Inc. | 19-43758 |
| Granite City of Kansas Ltd. | 19-43759 |
| Granite City of Maryland, Inc. | 19-43760 |
| Debtors. | Chapter 11 Cases |

---

# DEBTORS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR AN ORDER (I) APPROVING REJECTION OF CERTAIN UNEXPIRED LEASES; (II) APPROVING ABANDONMENT OF PERSONAL PROPERTY AT THE SITES OF REJECTED LEASES; AND (III) RELATED RELIEF

---

The above-named Debtors (collectively, the "Debtors"), by and through their undersigned counsel, submit this memorandum of law in support of the accompanying Motion in the above-entitled matter and in accordance with Local Rule 9013-2(a).

## FACTUAL BACKGROUND

The Debtors rely on the statement of facts set forth in the verified motion and the petition, and the Debtors' Declaration in Support of First Day Motions. The defined terms used in this Memorandum have the same meaning as in the accompanying Motion.

## ARGUMENT

### I. THE COURT SHOULD APPROVE REJECTION OF THE REJECTED LEASES

The Bankruptcy Code provides that a debtor in possession may either assume or reject executory contracts and unexpired leases, subject only to court approval. *See* 11 U.S.C. § 365(a). Courts routinely approve a debtor in possession's decision to assume or reject if it

represents reasonable exercise of business judgment. *See, e.g., In re Audra Johnson Corp.*, 140 B.R. 752, 75 (Bankr. D. Minn. 1992). Here, the Debtors have sold substantially all of their assets in going concern sales and the buyers have decided not to acquire certain underperforming stores. Once the sales close, the Debtors will not operate any restaurant locations. The Rejected Leases are no longer necessary to the Debtors' day-to-day operations, and rejecting such agreements will reduce Debtors' operating and administrative costs during the pendency of the chapter 11 cases. Such rejections, as an exercise of business judgment, are in the best interests of the estates and should be approved.

A lease or contract is deemed rejected as of the date the debtor in possession has given notice by unequivocal act that the lease or contract has been rejected. *See, In re Re-Trac Corp.*, 59 B.R. 251, 255 (Bankr. D. Minn. 1986); *In re Audra-Johnson Corp*. at 755; *In re 1 Potato 2, Inc.*, 58 B.R. 752, 754-55 (Bankr. D. Minn. 1986). In this case, the Debtors have provided notice to the counter-parties to the Rejected Leases by, among other things, providing them copies of this Motion and by ceasing operations as of the dates on the attached Schedule A. Therefore, the Rejected Leases should be deemed rejected as of the date the Debtors ceased operations, or, at the latest, the date that this Motion is filed and served.

## II. THE COURT SHOULD APPROVE REJECTION OF THE REMAINING PERSONAL PROPERTY

The Bankruptcy Code provides that a debtor in possession may abandon, after notice and a hearing, any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. 11 U.S.C. § 554(a). Under Fed. R. Bankr. P. 6007(a), property is abandoned by notice and a hearing is set only if a party objects to the abandonment within fourteen days of the mailing of the notice. Local Rule 6007-1, however, arguably imposes a requirement to file a motion because it states that "Local Rule 6004-1

applies generally to abandonments" and Local Rule 6004-1(e) states that request for approval of "disposition of property of the estate shall be made by motion."

Here, the Debtors have exceeded the due process required by the Federal Rule and met the due process requirement of the Local Rule by seeking relief through a motion and providing notice of a hearing. The Debtors have determined that the Remaining Property is of inconsequential value and benefit to the estate because the Remaining Property is fully encumbered and is no longer necessary for the operation of the Debtors' business. The Debtors have also determined that the Remaining Property may be burdensome to the estate because removal may cost more than the resale value of the Remaining Property and landlords may attempt to assert administrative expense priority claims for storage of the Remaining Property if it is not abandoned.[1] Therefore, abandonment of the Remaining Property should be approved.

## CONCLUSION

For the foregoing reasons, the Debtors respectfully request that the Court enter an order granting the relief requested in the Motion.

**TAFT STETTINIUS HOLLISTER LLP**

Dated: March 11, 2020

By: /e/ James M. Jorissen

James M. Jorissen, #262833
Karl J. Johnson, #391211
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: 612-977-8400
Facsimile: 612-977-8650
jjorissen@taftlaw.com
kjjohnson@taftlaw.com

**COUNSEL FOR THE DEBTORS**

[1] The Debtors take the position that storage of abandoned property cannot be part of the "actual, necessary costs of preserving the estate" under 11 U.S.C. § 503(b)(1)(A).

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| In re: | Jointly Administered under 19-43756 (WJF) |
| Granite City Food & Brewery Ltd. | 19-43756 |
| Granite City Restaurant Operations, Inc. | 19-43757 |
| Granite City of Indiana, Inc. | 19-43758 |
| Granite City of Kansas Ltd. | 19-43759 |
| Granite City of Maryland, Inc. | 19-43760 |
| Debtors. | Chapter 11 Cases |

---

**ORDER**

---

This case is before the court on Debtors' Motion for an order (I) approving the rejection of certain unexpired leases, (II) approving abandonment of personal property remaining at the leased premises as of the applicable Rejection Date; (III) approving streamlined procedures for rejecting additional leases by notice; and (IV) related relief.. Based on the motion and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED:**

1. The Debtors' Motion is granted.

2. Rejection of unexpired leases is hereby approved as to the following leases (the "Rejected Leases"):

| Address (County) | Counterparty | Remaining Property | Rejection Date |
|---|---|---|---|
| 400 Renaissance Center<br>Suite 1101<br>Detroit, MI 48243<br>(Wayne County) | Riverfront Holdings, Inc. c/o CBRE, Inc. Lease Administration | FF&E | March 10, 2020 |
| 7140 Harrison Avenue<br>Suite 108<br>Rockford, IL 61112<br>(Winnebago County) | Cherryvale Mall LLC | FF&E | March 10, 2020 |

| | | | |
|---|---|---|---|
| 1001 North 102nd Street<br>Omaha, NE 68114<br>(Douglas County) | Westroads Mall L.L.C.<br>c/o General Growth Properties, Inc. | FF&E | March 10, 2020 |
| 2300 Village Drive West<br>Suite 130<br>Maumee, OH 43537<br>(Lucas County) | Fallen Timbers Ohio LLC<br>c/o NAMCO Realty LLC | FF&E | March 10, 2020 |
| 200 American Way<br>Oxon Hill, MD 20745<br>(Prince Georges County) | Peterson Companies | FF&E | March 10, 2020 |
| 11735 Sherri Lane<br>Kendall, FL 33183<br>(Miami-Dade County) | Weingarten Realty | FF&E | February 24, 2020 |

3. With respect to the Rejected Leases, any personal property remaining at the leased premises shall be deemed abandoned upon the applicable Rejection Date, subject to the interests of any buyer under a court-approved Asset Purchase Agreement, and the landlord for the leased premises may dispose of such abandoned property pursuant to applicable state law. Notwithstanding the foregoing, nothing in this Order shall authorize the abandonment of (i) any property that is leased to the Debtors by a third party or that is owned by a third party other than the applicable landlord, or (ii) any computers or other property to the extent such property contains (a) personally identifiable information of the Debtors' employees or customers; or (b) critical business information not available to the Debtors from other sources. In each case, the Debtors shall not abandon such property absent further order of this Court.

4. With respect to leases for which rejection was approved by order entered on December 24, 2012 as Docket Number 65, specifically:

| Address (County) | Remaining Property |
|---|---|
| 14035 South La Grange Rd<br>Orland Park, IL 60462<br>(Cook County) | FF&E |
| 992 Willow Road, Suite 20<br>Northbrook, IL 60062<br>(Cook County) | FF&E |
| 230 Conference Center Dr.<br>East Peoria, IL 61611<br>(Tazwell County) | FF&E |
| 25001 Cedar Road<br>Suite #E-34<br>Lyndhurst, OH 44124<br>(Cuyahoga County) | FF&E |
| University Park Shopping Center<br>6501 Grape Road<br>Mishawaka, IN 46545<br>(St. Joseph County) | FF&E |

| | |
|---|---|
| 150 W. 96th Street<br>Indianapolis, IN 46290<br>(Marion County) | FF&E |
| 49 West Maryland Street<br>Room B03A<br>Indianapolis, IN 46240<br>(Marion County) | FF&E |

any personal property remaining at the leased premises shall be deemed abandoned, subject to the interest of any buyer under a court-approved Asset Purchase Agreement, upon the date of this Order and the landlord for the leased premises may dispose of such abandoned property pursuant to applicable state law. Notwithstanding the foregoing, nothing in this Order shall authorize the abandonment of (i) any property that is leased to the Debtors by a third party or that is owned by a third party other than the applicable landlord, or (ii) any computers or other property to the extent such property contains (a) personally identifiable information of the Debtors' employees or customers; or (b) critical business information not available to the Debtors from other sources. In each case, the Debtors shall not abandon such property absent further order of this Court.

5. The Debtors are authorized in accordance with the terms set forth herein to adopt the following procedures (the "Rejection Procedures") for the rejection of additional Contracts:

6. If the Debtors have deposited monies with a non-Debtor counterparty to a Contract as a security deposit or otherwise, such counterparty may not set off or otherwise use such deposit without the prior authorization of the Court or consent of the Debtors.

7. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted by this Order.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____________

_________________________________
William J. Fisher
United States Bankruptcy Judge