**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| In re: | Jointly Administered under<br>19-43756 (WJF) |
| Granite City Food & Brewery Ltd. | 19-43756 |
| Granite City Restaurant Operations, Inc. | 19-43757 |
| Granite City of Indiana, Inc. | 19-43758 |
| Granite City of Kansas Ltd. | 19-43759 |
| Granite City of Maryland, Inc. | 19-43760 |
| Debtors. | Chapter 11 Cases |

---

# NOTICE OF AMENDED MOTION FOR AN ORDER (I) APPROVING REJECTION OF CERTAIN UNEXPIRED LEASES; (II) APPROVING ABANDONMENT OF PERSONAL PROPERTY AT THE SITES OF REJECTED LEASES; AND (III) RELATED RELIEF

---

TO: THE PARTIES-IN-INTEREST AS SPECIFIED IN LOCAL RULE 9013-3.

1. The above-named Debtors ("Debtors") filed their *Motion for an Order (I) Approving Rejection of Certain Unexpired Leases; (II) Approving Abandonment of Personal Property at the Sites of Rejected Leases; and (III) Related Relief* [Doc. 258] on March 11, 2020 (the "Motion").

2. The Debtors hereby amend the Motion to add the lease for the headquarters office premises for Granite City located at Northland Center, 3600 American Boulevard West, #400, Bloomington, Minnesota (the "HQ") with a Rejection Date effective as of 11:59 p.m., March 31, 2020.

3. BBQ Holdings, Inc. ("BBQ"), the purchaser of the Granite City Assets, has been temporarily occupying the HQ subsequent to the closing of the sale of Granite City's assets to BBQ, which occurred on March 10, 2020. As part of the purchase, BBQ acquired from the Debtors all personal property at the HQ.

4. The Debtors have communicated with GKII Northland Center, LLC ("GKII"), the landlord for the HQ, and understand that GKII consents to the rejection of the lease effective as of March 31, 2020 on the condition that the Debtors give up possessory rights to the HQ as of midnight on March 31, 2020 without requiring the landlord to take any action under state law.

5. The Debtors agree to vacate the HQ premises as of midnight on March 31, 2020 on the condition that GKII agrees to waive any additional administrative expense claim.

6. All post-petition rents payable to the landlord, including all stub rents, have been paid in full through the proposed date of rejection.

7. Although the Debtors understand that GKII has agreed to the relief requested, the Debtors will not object to the timeliness of a response by GKII that is filed and delivered to Debtors' counsel two (2) hours prior to the hearing, which is scheduled for 1:30 p.m. on Wednesday, March 25, 2020 before the Honorable William J. Fisher, Courtroom 2B, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101.

8. The Debtors incorporate by reference the rest of the Motion and the Memorandum in Support of the Motion.

9. The Debtors hereby request that the court enter the attached amended proposed order.

WHEREFORE, the Debtors respectfully request that the Court grant the Motion and grant such other and further relief as the court may deem just and equitable.

**TAFT STETTINIUS HOLLISTER LLP**

Dated: March 20, 2020

By: /e/ James M. Jorissen

James M. Jorissen, #262833
Karl J. Johnson, #391211
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: 612-977-8400
Facsimile: 612-977-8650
jjorissen@taftlaw.com
kjjohnson@taftlaw.com

**COUNSEL FOR THE DEBTORS**

## VERIFICATION

I, Nate Hjelseth, Chief Financial Officer of the Debtors named in the foregoing motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated this 19th day of March, 2020.

Nate Hjelseth

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re: | Jointly Administered under 19-43756 (WJF) |
| Granite City Food & Brewery Ltd. | 19-43756 |
| Granite City Restaurant Operations, Inc. | 19-43757 |
| Granite City of Indiana, Inc. | 19-43758 |
| Granite City of Kansas Ltd. | 19-43759 |
| Granite City of Maryland, Inc. | 19-43760 |
| Debtors. | Chapter 11 Cases |

**ORDER**

This case is before the court on Debtors' Motion for an order (I) approving the rejection of certain unexpired leases, (II) approving abandonment of personal property remaining at the leased premises as of the applicable Rejection Date; (III) approving streamlined procedures for rejecting additional leases by notice; and (IV) related relief.. Based on the motion and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED:**

1. The Debtors' Motion is granted.

2. Rejection of unexpired leases is hereby approved as to the following leases (the "Rejected Leases"):

| Address (County) | Counterparty | Remaining Property | Rejection Date |
|---|---|---|---|
| 400 Renaissance Center<br>Suite 1101<br>Detroit, MI 48243<br>(Wayne County) | Riverfront Holdings, Inc. c/o CBRE, Inc. Lease Administration | FF&E | March 10, 2020 |
| 7140 Harrison Avenue<br>Suite 108<br>Rockford, IL 61112<br>(Winnebago County) | Cherryvale Mall LLC | FF&E | March 10, 2020 |

| | | | |
|---|---|---|---|
| 1001 North 102nd Street<br>Omaha, NE 68114<br>(Douglas County) | Westroads Mall L.L.C.<br>c/o General Growth Properties, Inc. | FF&E | March 10, 2020 |
| 2300 Village Drive West<br>Suite 130<br>Maumee, OH 43537<br>(Lucas County) | Fallen Timbers Ohio LLC<br>c/o NAMCO Realty LLC | FF&E | March 10, 2020 |
| 200 American Way<br>Oxon Hill, MD 20745<br>(Prince Georges County) | Peterson Companies | FF&E | March 10, 2020 |
| 11735 Sherri Lane<br>Kendall, FL 33183<br>(Miami-Dade County) | Weingarten Realty | FF&E | March10, 2020 |
| Northland Center<br>3600 American Blvd West<br>Suite #400<br>Bloomington, MN 55431<br>(Hennepin County) | GKII Northland Center, LLC<br>c/o David A. Libra<br>Lapp, Libra, Stoebner & Pusch Chtd. | FF&E | March 31, 2020 at 11:59 p.m. |

3. With respect to the Rejected Leases, any personal property remaining at the leased premises shall be deemed abandoned upon the applicable Rejection Date, subject to the interests of any buyer under a court-approved Asset Purchase Agreement, and the landlord for the leased premises may dispose of such abandoned property pursuant to applicable state law. Notwithstanding the foregoing, nothing in this Order shall authorize the abandonment of (i) any property that is leased to the Debtors by a third party or that is owned by a third party other than the applicable landlord, or (ii) any computers or other property to the extent such property contains (a) personally identifiable information of the Debtors' employees or customers; or (b) critical business information not available to the Debtors from other sources. In each case, the Debtors shall not abandon such property absent further order of this Court.

4. The Debtors agree to vacate the premises located at Northland Center, 3600 American Boulevard West, #400, Bloomington, Minnesota 55431 no later than midnight on March 31, 2020 without requiring GKII Northland Center, LLC to take any action under state law.

5. GKII Northland Center, LLC agrees to waive any administrative expense claim that it may have against the Debtors.

6. With respect to leases for which rejection was approved by order entered on December 24, 2012 as Docket Number 65, specifically:

| Address (County) | Remaining Property |
|---|---|
| 14035 South La Grange Rd<br>Orland Park, IL 60462<br>(Cook County) | FF&E |

| | |
|---|---|
| 992 Willow Road, Suite 20<br>Northbrook, IL 60062<br>(Cook County) | FF&E |
| 230 Conference Center Dr.<br>East Peoria, IL 61611<br>(Tazwell County) | FF&E |
| 25001 Cedar Road<br>Suite #E-34<br>Lyndhurst, OH 44124<br>(Cuyahoga County) | FF&E |
| University Park Shopping Center<br>6501 Grape Road<br>Mishawaka, IN 46545<br>(St. Joseph County) | FF&E |
| 150 W. 96th Street<br>Indianapolis, IN 46290<br>(Marion County) | FF&E |
| 49 West Maryland Street<br>Room B03A<br>Indianapolis, IN 46240<br>(Marion County) | FF&E |

any personal property remaining at the leased premises shall be deemed abandoned, subject to the interest of any buyer under a court-approved Asset Purchase Agreement, upon the date of this Order and the landlord for the leased premises may dispose of such abandoned property pursuant to applicable state law. Notwithstanding the foregoing, nothing in this Order shall authorize the abandonment of (i) any property that is leased to the Debtors by a third party or that is owned by a third party other than the applicable landlord, or (ii) any computers or other property to the extent such property contains (a) personally identifiable information of the Debtors' employees or customers; or (b) critical business information not available to the Debtors from other sources. In each case, the Debtors shall not abandon such property absent further order of this Court.

7. If the Debtors have deposited monies with a non-Debtor counterparty to a Contract as a security deposit or otherwise, such counterparty may not set off or otherwise use such deposit without the prior authorization of the Court or consent of the Debtors.

8. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted by this Order.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: _____________

_________________________________
William J. Fisher
United States Bankruptcy Judge