# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Jointly Administered under 19-43756 (WJF) |
| Granite City Food & Brewery Ltd. | 19-43756 |
| Granite City Restaurant Operations, Inc. | 19-43757 |
| Granite City of Indiana, Inc. | 19-43758 |
| Granite City of Kansas Ltd. | 19-43759 |
| Granite City of Maryland, Inc. | 19-43760 |
| Debtors. | Chapter 11 Cases |

### NOTICE OF HEARING AND MOTION OBJECTING TO THE ADMINISTRATIVE EXPENSE CLAIM OF ECOLAB INC.

TO:   THE PARTIES-IN-INTEREST AS SPECIFIED IN LOCAL RULE 3007-1.

1.   The above-named Debtors ("Debtors"), through their undersigned attorneys, move the court for the relief requested below and give notice of hearing.

2.   The court will hold a hearing on this Motion (the "Motion") at 2:00 p.m. on Tuesday, June 23, 2020 before the Honorable William J. Fisher, Courtroom 2B, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101.

3.   Any response to this motion must be filed and served not later than Thursday, June 18, 2020, which is five days before the time set for the hearing on the motion (including Saturdays, Sundays, and holidays).  **UNLESS A RESPONSE OPPOSING THIS MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.**

### JURISDICTION AND VENUE

4.   This court has jurisdiction over this motion under 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1. The petitions commencing these cases were filed

on December 16, 2019 (the "Petition Date"). These cases are now pending before this court.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. This Motion requests relief under 11 U.S.C. § 502(b) and is filed pursuant to Federal Rules of Bankruptcy Procedure 3007 and 9014 and Local Rules 3007-1 and 9013-1 through 9013-3. The Debtors seek an order allowing the Administrative Expense Claim of Ecolab Inc. in a reduced amount.

## FACTUAL BACKGROUND

7. On the Petition Date, the Debtors owned and operated Granite City restaurants in 13 states and Cadillac Ranch restaurants in 4 states.

8. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the Declaration of Richard H. Lynch in Support of Chapter 11 Petitions and First Day Motions, filed on December 16, 2019.

9. On the Petition Date, the Debtors each filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses as debtors in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtors' chapter 11 cases. On January 6, 2020, the United States Trustee for the Twelfth District appointed a committee of unsecured creditors.

10. On April 17, 2020, the court entered an *Order Establishing Deadline for Filing Administrative Expense Claims, Approving Administrative Expense Proof of Claim Form, and Approving Form and Manner of Notice Thereof* [Dkt. 335] establishing that claims for allowance of a claim arising under section 503(b) of the Bankruptcy Code (an "Administrative

2

Expense Claim") that was incurred, accrued, or arose on or between December 16, 2019 and April 17, 2020 must be filed so as to be received by Debtors' counsel by U.S. Mail or e-mail or by the Clerk of the Bankruptcy Court by 4:00 p.m. (prevailing Central time) on May 7, 2020 (the "Administrative Expense Claims Bar Date").

11. On May 6, 2020, EcoLab Inc. filed Proof of Claim **144-1** for $4,083.26 of institutional services and $7,809.83 of pest prevention services provided post-petition. The majority of the referenced invoices are for services to Cadillac Ranch locations after the February 24, 2020 closing of the sale to Landry or for services to Granite City locations after the March 10, 2020 closing of the sale to BBQ Acquisition, Inc. The Debtors' records show that Invoices 6253241086, 6253242950, 6253242951, 6253260936, 6253260937, 6253261337, 6253261338, 6253261339, 6253263978 were all paid by check number 500228 on January 10, 2020. Invoices 6253829797, 6253829800, 6253829805, 6253829806, 62543004265, 6254304268, 6254304273, 6254304274 are for services to locations that were closed on or before October 29, 2019 and the Debtors have no record of the actual invoices. Invoice 6254304279 is for service to a location that was closed on or before February 20, 2020 and the Debtors have no record of the actual invoice. Invoices 1400420045 and 6254564533 are for services for which the Debtors have no record. Invoices 6253375246, 6253375249, 6253375254, and 6253375255 are for services provided prepetition. The Debtors object that Proof of Claim **144-1** is for services that were provided to Landry's or BBQ Acquisition, Inc., are for invoices that have been paid, or are for services for which the Debtors have no record and for which EcoLab has not provided actual invoices. The Debtors respectfully request that the court enter an order disallowing EcoLab's asserted administrative expense priority claim in its entirety.

3

**RELIEF REQUESTED**

12. Pursuant to Local Rule 9013-2(a), this Motion is verified and accompanied by a memorandum of law, proposed order, and proof of service.

13. Pursuant to Local Rule 9013-2(c), the debtors give notice that they may, if necessary, call Nate G. Hjelseth, Chief Executive Officer of Debtors, to testify on behalf of the Debtors about the factual matters raised in this Motion.

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form of the Proposed Order disallowing the Administrative Expense Claim of Ecolab Inc. in its entirety.

**TAFT STETTINIUS HOLLISTER LLP**

Dated: May 22, 2020

/e/ James M. Jorissen
By: _____
James M. Jorissen, #262833
Karl J. Johnson, #391211
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: 612-977-8400
Facsimile: 612-977-8650
jjorissen@taftlaw.com
kjjohnson@taftlaw.com

**COUNSEL FOR THE DEBTORS**

12614753v1

## **VERIFICATION**

I, Nathan G. Hjelseth, Chief Executive Officer of the Debtors named in the foregoing motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Dated this 22nd day of May, 2020.

*Nathan G. Hjelseth*
Nathan G. Hjelseth

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MINNESOTA

| In re: | Jointly Administered under 19-43756 (WJF) |
|---|---|
| Granite City Food & Brewery Ltd. | 19-43756 |
| Granite City Restaurant Operations, Inc. | 19-43757 |
| Granite City of Indiana, Inc. | 19-43758 |
| Granite City of Kansas Ltd. | 19-43759 |
| Granite City of Maryland, Inc. | 19-43760 |
| Debtors. | Chapter 11 Cases |

**DEBTORS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION OBJECTING TO THE ADMINISTRATIVE EXPENSE CLAIM OF ECOLAB INC.**

The above-named Debtors (collectively, the "Debtors"), by and through their undersigned counsel, submit this memorandum of law in support of the accompanying Motion for an order disallowing the Administrative Expense Claim of Ecolab Inc.

## FACTUAL BACKGROUND

The Debtors rely on the statement of facts set forth in the verified motion and the petition, and the Debtors' Declaration in Support of First Day Motions. The defined terms used in this Memorandum have the same meaning as in the accompanying Motion.

## ARGUMENT

A proof of claim filed in a bankruptcy proceeding is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a); *see also Gran v. IRS (In re Gran)*, 964 F.2d 822, 827 (8th Cir. 1992). If an objection is filed, the objector must come forward with evidence rebutting the claim. *Gran*, 964 F.2d at 827; *In re Oriental Rug Warehouse Club, Inc.*, 205 B.R. 407, 410 (Bankr. D. Minn. 1997). If the objecting party produces such evidence, the burden of proof shifts

to the claimant to produce evidence of the validity of the claim. *Gran*, 964 F.2d at 827; *Oriental Rug*, 205 B.R. at 410. "In other words, once an objection is made to the proof of claim, the ultimate burden of persuasion as to the claim's validity and amount rests with the claimant." *Oriental Rug*, 205 B.R. at 410 (citations omitted). In making these determinations, a court looks to the governing substantive law. *In re Ford*, 125 B.R. 735, 737 (E.D. Tex. 1991); *In re Gridley*, 149 B.R. 128, 132 (Bankr. D.S.D. 1992).

As described in the Motion, the Administrative Expense Claim submitted by Ecolab Inc. is for services provided to locations that were closed prepetition, for services provided to locations after the closing of the sales of those locations, or were paid by the Debtors. Therefore, the Administrative Expense Claim should be disallowed in its entirety.

## CONCLUSION

For the foregoing reasons, the Debtors respectfully request that the Court enter an order disallowing the Administrative Expense Claim asserted by Ecolab Inc. in its entirety.

**TAFT STETTINIUS HOLLISTER LLP**

Dated: May 22, 2020

/e/ James M. Jorissen
By: _____
James M. Jorissen, #262833
Karl J. Johnson, #391211
2200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: 612-977-8400
Facsimile: 612-977-8650
jjorissen@taftlaw.com
kjjohnson@taftlaw.com

**COUNSEL FOR THE DEBTORS**

2

12614753v1

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | Jointly Administered under 19-43756 (WJF) |
| Granite City Food & Brewery Ltd. | 19-43756 |
| Granite City Restaurant Operations, Inc. | 19-43757 |
| Granite City of Indiana, Inc. | 19-43758 |
| Granite City of Kansas Ltd. | 19-43759 |
| Granite City of Maryland, Inc. | 19-43760 |
| Debtors. | Chapter 11 Cases |

## ORDER GRANTING THE DEBTORS' MOTION OBJECTING TO THE CLAIM OF ECOLAB INC.

This case is before the court on the Debtors' Motion Objecting to the Administrative Expense Claim of Ecolab Inc. Based on the motion and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED:**

1. The Debtors' Motion is granted.

2. The Administrative Expense Claim submitted by Ecolab Inc. as Proof of Claim 144-1 is disallowed in its entirety.

3. This Order applies to any future claims, or amendments to existing claims, arising out of obligations alleged to be owed to Ecolab Inc., whether or not identified by a specific claim number or related to a claim number.

4. The Debtors in Possession are authorized to take any and all actions that are necessary and appropriate to give effect to this Order.

5. This Court will retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

Dated: _____                    _____
                                          William J. Fisher
                                          United States Bankruptcy Judge

12614753v1